### H. Coons v. S. M. Drake.

1. AGENTS—*Must Have Authority.*—A person who assumes to bind another as his agent must be shown to have had authority to do so.

2. NEW TRIALS—*Newly Discovered Evidence.*—The fact that a school record showed that a pupil, who testified in the case, answered to the roll call every school day of the week in which the transactions in ques tion took place, is not decisive of anything pertinent to the case, and is not cause for a new trial.

**Assumpsit,** for goods sold. Appeal from the County Court of McLean County; the Hon. C. D. MYERS, Judge, presiding. Heard in this court at the May term, 1895. Affirmed. Opinion filed December 6, 1895.

CHARLES M. PIERCE, attorney for appellant.

W. B. CARLOCK, attorney for appellee.

MR. PRESIDING JUSTICE PLEASANTS DELIVERED THE OPINION OF THE COURT.

Appellant sued appellee before a justice of the peace for

a balance alleged to be due on an account for goods sold. On appeal it was tried without a jury, and the court found the issue and rendered judgment for the defendant for costs.

Appellant's claim was, and the evidence on his part tended to prove, that his family being about to move out of the residence they had been occupying and that of appellee to move in, the latter's wife bought of him certain articles and at the prices following, viz.:

For a parlor carpet, a cooking range in exchange and

cash ...........................................$3.75
" a stair carpet.................................. 6.00
" a bedstead, spring and mattress ............... 1.50
" a clothes line and post........................  50

She delivered the range and paid $5.25, being for boot on the parlor carpet and for the bedstead, springs and mattress, but refused to take or pay for the other articles, leaving a balance due of $6.50.

Mrs. Drake testified, over objection to her competency, that her agreement as to the articles refused was only conditional; and her daughter, a school girl about eleven years of age, corroborated her. These conditions were, that she couldn't make her own stair carpet do, and that the line and post, which she hadn't seen, were sound and right, as he represented; and their testimony was that hers was found to do very well, and that the post was rotten and propped and the line not full.

The points urged against the judgment are that the court erred in admitting the testimony of Mrs. Drake and in overruling the motion for a new trial on the ground of newly discovered evidence impeaching the daughter.

It is said that for the expense incurred for these articles the husband and wife were by the statute made liable jointly and severally, and that therefore the wife was not the agent of her husband.

But appellant here sought to make the husband alone respond, on an express contract made by the wife alone. If she was authorized to bind him thereby it must be be-

cause she was his agent in that behalf, whatever more or else she may have been. Since he did not act by himself he must have acted, if at all, by another. It is immaterial whether her authority was derived from his appointment or from the statute. Unless she was authorized we know of no principle upon which he would be bound. We think she was a competent witness.

The newly discovered evidence was that the school record showed the witness as answering to roll call every school day of the week in which the transactions in question took place. This is not decisive of anything pertinent to the case; much less of the case itself. The motion was properly overruled and the judgment will be affirmed.