## Paul Schneider v. William Kabsch.

1. EVIDENCE—*When Wife is Competent to Testify in Suits Where Her Husband is a Party.*—A wife is competent to testify as to transactions wherein she is alleged by the opposite party to have acted as the agent of her husband.

Assumpsit.—Contract of employment. Appeal from the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1899. Affirmed. Opinion filed October 10, 1900.

MR. JUSTICE FREEMAN delivered the opinion of the court.

This suit was originally brought before a justice of the peace, and appealed to the Circuit Court. From the judgment there rendered, this appeal is prosecuted.

The suit was brought to recover $100, alleged to have been loaned by appellee, also to recover wages alleged to be due under a contract of employment. The case was tried before a jury, and where, as here, there is direct conflict in the evidence which it is impossible to reconcile, the verdict should not be interfered with, unless it clearly appears to have been influenced by error or mistake.

It is urged that the jury were not properly instructed. Objection is made to the first instruction on the ground that it is not justified by any of the evidence. That instruction told the jury in substance, that if appellant knowingly and voluntarily permitted his wife to hold herself out to the world as his agent, he would be bound by her acts. There is, however, evidence in the record to the effect that Schneider adopted his wife's act in receiving the $35 admitted to have been left in her hands for safe keeping by

appellee, and expressed himself as willing to repay that amount. His own testimony is to that effect. The evidence was sufficient to justify the instruction.

The second instruction is complained of, upon the ground that it told the jury that appellant was entitled to be paid for his labor what it was reasonably worth, whereas the evidence on both sides is that the amount to be paid was definitely fixed by contract at $5 per month. While we are unable to see the propriety of this instruction in view of the undisputed testimony as to the contract, it is clear that appellant was not thereby prejudiced or in any way injured. The finding of the jury evidently allows only the contract price.

Complaint is made of the third instruction upon the ground that while it correctly stated a general principle of law, with reference to the preponderance of the evidence, it did not state upon whom the burden of proof rested. The objection is without force. If appellant desired the jury instructed with reference to the burden of proof, he had the privilege of requesting such instruction. This was not done and he can not now complain that the court did not, of his own motion, give an instruction which was not asked for.

It is urged that the trial court erred in not striking out the evidence of the witness Liebman. Appellant had stated that he did " not keep a book of account about wages," and that he never had done so. Liebman was called to contradict this statement and testified that appellant had kept such books " for wages for the men what worked for him," at a former period when the witness was in appellant's employ. While this testimony was not, perhaps, particularly relevant to the main controversy, it was, nevertheless, not incompetent in view of the appellant's testimony, to which no objection was made.

Appellant's wife was permitted to testify as to the transactions wherein she was alleged to have acted as her husband's agent. Beyond this, her testimony would have been incompetent, as the trial court properly held.

We should be better satisfied if appellee's claim had been sustained by more convincing evidence. But the verdict of the jury and judgment of the trial court, before whom the witnesses appeared in person, are entitled to respect, and we find no sufficient reason to interfere. The judgment of the Circuit Court must be affirmed.