## A. B. McDavid v. B. F. Rork.

1. PRACTICE—*Pleas in Abatement Not to be Filed After Pleas to the Merits.*—Where a party pleads to the merits or demurs to the declaration it is too late for him to file a plea in abatement.

2. INSTRUCTIONS—*Erroneous, When Not Sufficient to Reverse.*—Where the court is satisfied that the verdict of the jury is just and proper, it will not be disturbed because some of the instructions are subject to criticism, but have worked no injury to the party complaining.

3. WITNESSES—*Married Women as Agents for Their Husbands.*—A married woman may properly testify for her husband as to conversations with parties in regard to business transactions in which she has acted as the agent of her husband.

Assumpsit, for a failure to deliver merchandise. Appeal from the Circuit Court of Moultrie County; the Hon. WILLIAM G. COCHRAN, Judge, presiding. Heard in this court at the May term, 1900. Affirmed. Opinion filed December 7, 1900.

MEEKER & MEEKER, attorneys for appellant.

E. J. MILLER and EDEN, MARTIN & EDWARDS, attorneys for appellee.

MR. JUSTICE BURROUGHS delivered the opinion of the court. This was an action of assumpsit by appellee against

appellant to recover damages for a failure to deliver certain broom corn which appellee claimed appellant sold to him but failed and refused to deliver same in accordance with their contract of sale.

The case was tried by jury in the Circuit Court of Moultrie County, and resulted in a verdict and judgment in favor of appellee for $73.65. Appellant brings the case to this court and urges us to reverse the judgment on the grounds that the court gave improper instructions at the instance of appellee; refused proper instructions requested by appellant; improperly modified instructions requested by appellant; improperly sustained demurrers to some of appellant's pleas; improperly overruled appellant's demurrer to plaintiff's declaration; improperly permitted the wife of appellee to testify against appellant; improperly overruled appellant's motion for a new trial, and that the verdict is contrary to the evidence.

The record showed that after the court overruled appellant's demurrer to the declaration, he filed a number of pleas to the merits, consequently he will not be permitted in this court to complain because the trial court overruled his demurrer to the declaration.

After appellant had demurred to the declaration, and after he had filed several pleas in bar of the action, he filed a plea in abatement of the action on the ground that there was another suit pending between the same parties in another court, concerning the same subject-matter involved in this case, to which plea the court sustained a demurrer, and that action of the court, appellant insists, was error, but in that we can not concur because it was too late for appellant to plead in abatement after he had demurred to the declaration and pleaded to the merits.

The evidence shows that on November 22, 1898, appellant sold to appellee eighty-four bales of broom corn (being about fourteen tons) at $50 a ton, which appellee insists, and there is evidence tending to show, that appellant at the time, agreed to deliver to appellee, at Allenville, in Moultrie county, Illinois, on board the cars as soon as appellee

could procure cars there for that purpose. A few days after the contract of sale was made, appellee paid appellant $100 of the purchase price. At the time of paying this amount, appellee and appellant had a conversation in which appellee told appellant that he was unable to get a car at Allenville, and wanted the corn hauled to Sullivan, in Moultrie county, which was some farther from appellant's farm where the corn was, and offered five cents a bale more on that account. Appellee claims, and so testified, that appellant consented to that arrangement. This, however, appellant denies.

On December 9, 1898, appellant delivered to appellee at Sullivan, thirty-five bales of this corn, and was paid by appellee $160, and appellant promised he would haul the balance the next Monday, but failed to do so.

Appellee went to see appellant at the farm the next day, and they had a talk, in which appellant claimed that appellee had not agreed to pay him enough for the corn and threatened not to deliver any more unless appellee would agree to pay him more. Appellee replied that he had bought the corn and would haul the balance from appellant's farm himself, to which appellant replied that he must not do it.

On December 17, 1898, appellee took fourteen bales of the corn from appellant's farm, being all he found there, appellant having taken the rest that day to Mattoon, where he sold it.

The price of broom corn on November 22, 1898, was from $35 to $60 per ton, depending upon quality. About the first of December following, it began to advance in price so that it was worth on the latter date from $80 to $90 per ton. The thirty-five bales which appellant delivered at Sullivan weighed 10,498 pounds, and the fourteen bales which appellee hauled himself, weighed 4,158 pounds.

The quality of the broom corn in question was good and commanded the top price, and the defense by appellant was first, that appellee represented that $50 per ton was the highest price that broom corn could be sold for in the market at the time of sale, while the truth was, good broom corn

could be sold then at $60 per ton; second, that he never agreed to deliver the corn at Sullivan, but was ready and willing to deliver it at Allenville, as soon as appellee would get a car to put it in, and that appellee never did get a car at that place, for which reason he was not compelled to deliver the corn to him except at his option.

From this evidence we are satisfied that the verdict of the jury is a just and proper one, which we ought not to disturb, notwithstanding some of the instructions of which appellant complained, are subject to some criticism, but as they have worked no prejudice against appellant, he has not been injured on that account, and will not be heard to complain for that reason.

The court properly permitted the wife of appellee to testify in this case concerning conversations which she had with appellant concerning this broom corn when she was acting as the agent of her husband and he was absent, because our statute permits the wife to testify for her husband under such circumstances.   Sec. 5, Chap. 51, Starr & Curtis' Ill. Stat. (1896).

Finding the verdict and judgment is a proper and just one in view of all the evidence, and that the trial court did not commit any prejudicial error against appellant, we affirm its judgment.