## Samuel J. Lumbard v. Joseph Holdiman.

### Gen. No. 4,387.

1. BILL OF EXCEPTIONS—*how, construed.* A bill of exceptions is the pleading of the party presenting it and is to be construed most strongly against him.

2. JUDGMENT—*how, regarded upon review where bill of exceptions does not purport to contain all the evidence.* Where the bill of exceptions does not purport to contain all the evidence, the presumption is indulged that the court heard other evidence than that contained in the bill of exceptions which justified the entry of the judgment appealed from.

3. WIFE—*when, competent as witness for husband.* If the wife of a party, in the business transaction as to which she has testified, has acted as the agent of her husband, then she is competent.

4. ARBITRATION AWARD—*what does not invalidate.* The validity of the award of arbitrators does not depend upon the legal correctness of

their action in passing upon the competency or incompetency of testimony.

5. ARBITRATION AWARD—*what will not invalidate.* The fact that the successful party openly presented to the arbitrators an itemized statement of the account involved in the arbitration, showing how, according to his contention, such account should be stated, will not invalidate such an award, as the practice is entirely proper.

6. ARBITRATION AWARD—*what will not invalidate.* The failure of the arbitrators to deliver copies of the awards to the parties to the arbitration will not, in the absence of a showing of injury, invalidate such award.

Action of replevin. Appeal from the Circuit Court of Kendall County; the Hon. GEORGE W. BROWN, Judge, presiding. Heard in this court at the April term, 1904. Affirmed. Opinion filed August 24, 1904.

ALDRICH & WORCESTER and SAMUEL J. LUMBARD, for appellant.

MURPHY & ALSCHULER, for appellee; CHARLES F. CLYNE, of counsel.

MR. JUSTICE DIBELL delivered the opinion of the court.

In this action of replevin brought in the Circuit Court of Kendall county by Lumbard against Holdiman for some cattle, the parties entered into a written stipulation to submit said cause and all other matters of difference and dispute between the parties to three arbitrators named therein; and they agreed therein that as to the matters not in controversy in said replevin suit the Circuit Court of Kendall county should render judgment on the award in accordance with the statute, and that all matters in difference between the parties should be entered in one judgment by said Circuit Court. The arbitrators proceeded according to law to hear the proofs offered by the parties, and made an award on December 16, 1902, by which they found Lumbard the owner of the cattle replevied, and that he owed Holdiman $815.74. The award was lodged with the circuit clerk. On May 9, 1903, the cause came on for hearing in the Circuit Court upon the motion of Holdiman for a judgment on the award and on the motion of Lumbard to vacate the award. The court heard the proofs and arguments, and on

January 15, 1904, denied the motion to vacate the award, and entered judgment for Lumbard that he was the owner of and entitled to the possession of all the property involved in the replevin suit, and exonerating his replevin bond, and entered a money judgment for Holdiman against Lumbard for $840.74, being the sum so awarded with interest thereon from May 1, 1903, at the rate of five per cent per annum. This is an appeal by Lumbard from said judgment.

Appellant obtained a bill of exceptions in which is set out the award, appellant's affidavit filed with his motion to vacate the award, certain exhibits attached to said affidavit, a lengthy colloquy between the court and counsel for the respective parties in which some things were admitted and others were denied, and a colloquy between the court and the circuit clerk and the sheriff. There is no statement in this bill of exceptions that it contains all the proofs heard by the court upon said application for judgment and upon said motion to vacate the award. Appellee's counsel declare that it does not contain all the proof the court heard. We cannot consider the various allegations which counsel for both sides have made outside the record. But this bill of exceptions is the pleading of appellant and is to be construed most strongly against him. If the proof it recites will not sustain the action of the court, we must presume in support of that action that the court heard other proof sufficient to support its action. The rule referred to is decisive of this case. But if we treat the bill of exceptions as containing the entire showing made to the court, we conclude the arbitration was properly sustained. It was attacked on three grounds, which we proceed to consider.

First. It is said the arbitrators improperly permitted appellee's wife to testify in his behalf, and that she testified falsely. It is not certain that appellee's wife was not a competent witness in his behalf. If in the business transaction of which she testified she was acting as the agent of her husband, then she was competent under sec-

tion 5 of the act relating to evidence. The proof in the bill of exceptions does not show she was not so acting, and therefore does not show she was incompetent. But merely hearing an incompetent witness does not invalidate an award. Arbitrators are not usually lawyers, and a rule making the validity of their award depend upon the legal correctness of their action upon the competency of testimony, would operate to defeat the purpose of the statute on that subject. Section 9 of our statute on Arbitrations and Awards provides that if any legal defects appear in the award or other proceedings, or if it is made to appear that the award was obtained by fraud, corruption or other undue means, or that the arbitrators misbehaved, the court may set aside the award. We are of opinion that the honest admission of incompetent testimony is not a legal defect appearing in the award or other proceedings, nor is it such misbehavior of the arbitrators as the statute means. In Merritt v. Merritt, 11 Ill. 565, the court said : " The fact that arbitrators have made an erroneous decision will not vitiate their award. If they have acted in good faith, the award is conclusive upon the parties; and neither party is permitted to avoid it by showing that the arbitrators erred in their judgment, either respecting the law or the facts of the case." In Pottle v. McWorter, 13 Ill. 454, the court said that it is not competent to impeach an award in an action at law by proof that the arbitrators have erred in judgment or committed mistakes. In Ross v. Hammond, 16 Ill. 99, the court said : "A mere error of judgment as to the law or facts of the case will not vitiate the award. In the absence of all fraud and misconduct in the arbitrators, the award must be held to be conclusive upon the parties." In Sherfy v. Graham, 72 Ill. 158, it is said that the fact that the arbitrators have taken a mistaken view of the legal liability of a party, is no ground for impeaching the award. In 2 Am. & Eng. Ency. of Law, 2nd ed.,.660, 661, it is said that in England an arbitrator is bound by the rules of evidence governing the superior courts, while in the United States the arbitrator is not bound by the strict

rules of law as to the admission or rejection of evidence, but may receive the evidence of witnesses who are legally incompetent, if he thinks proper. It is then said that in both countries the arbitrator is the ultimate judge of the admissibility, weight and relevancy of the evidence, and of the competency of witnesses; and when he has passed upon these questions, his decision is not open to review; nor if, intending to decide rightly, he makes a mistake, will the award be set aside for that reason. In Boston Water Power Co. v. Gray, 47 Mass. 131, 165, the court, speaking by Chief Justice Shaw, said: "In general, arbitrators have full power to decide upon questions of law and fact which directly or incidentally arise in considering or deciding the questions embraced in the submission. As incident to the decision of the questions of fact, they have the power to decide all questions as to the admission and rejection of evidence, as well as the credit due to the evidence, and the inferences of fact to be drawn from it. So, when not limited by the submission, they have authority to decide questions of law necessary to the decision of the matters submitted, because they are judges of the parties' own choosing. Their decision upon matters of fact and law, thus acting within the scope of their authority, is conclusive, upon the same principle that a final judgment of a court of last resort is conclusive." Morse on Arbitration and Award, 134–136, states the same rule, and quotes Russell on Arbitration as holding that if an arbitrator, intending to decide rightly, comes to a wrong decision as to the competency of a witness or the admissibility of testimony, the award will not on that account be set aside. Moreover, it is not shown that the decision would have been different if appellee's wife had not testified. Appellant testified that the award was procured by her false testimony, but that is a mere conclusion. What he complains of is that he testified before the arbitrators that the contract between himself and appellee was made when they were alone, while appellee testified falsely as to what the contract was, and his wife falsely testified she was present, and corrobo-

rated her husband as to the terms of the contract. The arbitrators may have believed appellee, regardless of his wife's confirmation, or there may have been other proof showing statements of the contract by appellant to other witnesses agreeing with the terms testified to by appellee. It does not appear that if appellee's wife had not testified the arbitrators would have rendered a different decision.

Second. It is shown by appellant's affidavit that at the hearing before the arbitrators appellee's attorney supplied each arbitrator with a statement of account not testified to by any one or verified by any one, and that it was inaccurate and false and served to mislead the arbitrators. The award shows that each of the parties attended the hearing before the arbitrators in person and by his attorney. In arguing a matter of complicated accounts, as this was, before a court or a master, it is not unusual or improper for the parties to present statements of the account as they, respectively, claim the proof shows it should be stated. Indeed a master may require such a statement. Patterson v. Johnson, 113 Ill. 559, 575, 580; Remsen v. Remsen, 2 Johns. Ch. 495. In the absence of statement in the affidavit, we have a right to assume that appellant and his attorney were present when this statement of account was furnished by appellee to the arbitrators. It is not claimed they made any objection. As appellant attaches a copy of the statement to his affidavit, it may be appellee furnished appellant's attorney a copy at the same time one was handed each arbitrator. Appellant attaches to his affidavit what he alleges to be a true statement of the account between himself and appellee, and he does not say but he furnished that or some other statement of the account to the arbitrators. If he did not it does not appear that he asked and was refused leave to do so. The accounting covered many items, and it was entirely proper for appellee to present openly an itemized statement of what he claimed the proofs would show to be the true state of the account. Appellant could do the same, and it is not shown he was harmed by the statement appellee presented, or that it was not in accord with appellee's proofs.

Third. Appellant argues the award should have been vacated because the arbitrators did not deliver a copy of their award to appellant, as required by the statute. It seems the arbitrators did not deliver a copy of the award to either party, but sent their award to the circuit clerk. The award was dated December 16, 1902. In the colloquy already referred to, appellee's attorney stated that on January 22, 1903, he gave appellant a copy of the award for the arbitrators, to which appellant replied admitting that about forty days after the award he received a certified copy thereof by mail from the clerk, and that he had learned of the award on December 24 or 25. It is not claimed that the certified copy was in any respect incorrect. The application for judgment was not heard till May 9, 1903. Appellant does not claim but that he had all the time he required to prepare for that hearing after he obtained a certified copy of the award, or to pay the amount awarded against him if he desired. While a copy of the award should have been forthwith delivered by the arbitrators to each of the parties, yet we are of opinion that the failure to do so did not vitiate the award, under the principles announced in Crook v. Chambers, 40 Ala. 239; Wrigglesworth v. Morton, 2 Bibb (Ky.), 157; Harding v. Wallace, 8 B. Mon. (Ky.) 536; Adams v. Hammon, 10 B. Mon. (Ky.) 9; Anderson v. Taylor, 41 Ga. 10. An award ought not to be set aside on merely technical grounds, in no wise affecting the merits, where it is apparent the utmost good faith has been observed. Steere v. Brownell, 113 Ill. 415.

The award shows there was a full hearing before the arbitrators. There is nothing in the affidavit of appellant to lead us to any other conclusion than that the arbitrators gave the parties a full and fair hearing and patiently endeavored to untangle their complicated accounts, covering a period of four years. They awarded appellee much less than he claimed. None of the statutory grounds for setting aside the award have been shown. The court therefore properly entered judgment upon the award.

The judgment is affirmed.            *Affirmed.*