## Charles J. Mullikin, Administrator, Appellee, v. Cleveland, Cincinnati, Chicago & St. Louis Railway Company, Appellant.

1. ABATEMENT—*when plea does not lie.* The pendency of a suit subsequently commenced cannot be pleaded in abatement or bar of the first action.

2. ABATEMENT—*when plea cannot be filed.* A plea in abatement cannot be filed after the general issue where the cause of abatement arose before the general issue was filed.

3. CONTRIBUTORY NEGLIGENCE—*how question determined.* The question of contributory negligence is not to be judged solely in the light of subsequent events but the conditions existing at the time of the accident and the consequences reasonably to be anticipated are to be taken into consideration.

Action in case for death caused by alleged wrongful act. Appeal from the Circuit Court of Vermilion county; the Hon. W. B. SCHOLFIELD, Judge, presiding. Heard in this court at the May term, 1911. Affirmed. Opinion filed October 9, 1911. Rehearing denied November 7, 1911.

GEORGE B. GILLESPIE, for appellant; GLENNON, CARY, WALKER & HOWE, REARICK & MEEKS and GILLESPIE & FITZGERALD, of counsel.

F. B. HAMILL and O. B. DOBBINS, for appellee.

MR. JUSTICE FROST delivered the opinion of the court.

Appellee's intestate, Mrs. Mary Alexander, was instantly killed at a crossing of the railroad track of the appellant at Fourth street in the city of Champaign, July 28, 1909, by being struck by a train of appellant proceeding westerly. Mrs Alexander approached appellant's track on Fourth street from the north and was attempting to save the life of her infant son, aged two and one-half years, who was coming onto the track in front of the approaching train from the south, and who was also killed at the same time with his mother. Appellee recovered a judgment for Mrs. Alexander's death in the sum of $1665.35, and the case is here on appeal from that judgment. The declaration alleges that the proximate cause of the injury was a violation of an ordinance of the city of Champaign, in running more than ten miles per hour over the crossing, within the city limits. Appellant assigns for error the action of the court in sustaining appellee's demurrer to the plea to the jurisdiction of the court, because suit be-

tween the same parties for the same action was pending in the United States Circuit Court for the Eastern District of Illinois. The plea of appellant alleges that the cause pending in the United States Circuit Court was commenced April 15, 1910. The record shows that this suit was begun April 13, 1910. The general issue in this case had been filed previous to the plea in abatement. "The pendency of a suit subsequently commenced cannot be pleaded in abatement or bar of the first action." Consolidated Coal Co. v. Oeltjen, 189 Ill. 85.

This suit was for less than $2,000 and the Federal Court had no jurisdiction of it and when this suit was commenced no other suit was pending in the Federal Court nor one that could be removed there. "A plea in abatement cannot be filed after the general issue, when the cause arose before the general issue was filed." McDavid v. Rork, 92 Ill. App. 482. The demurrer to the plea was properly sustained.

It is also claimed that Mrs. Alexander acted negligently in risking her own life in the attempt to save her child and that her death was caused, not as a proximate result of any negligence charged in the declaration, namely, a violation of the ordinances of the city of Champaign in running its train more than ten miles an hour. Whether Mrs. Alexander was guilty of negligence under the circumstances was peculiarly a question of fact for the jury. Her conduct is not to be judged solely in the light of subsequent events. If such were the rule it would bar all liability in such cases. In West Chicago St. Ry. Co. v. Liderman, 187 Ill. 463, the court, speaking of the conduct of a father in a similar case, said: "It was his duty to exercise his judgment as to whether he could probably save the child without serious injury to himself. If, from the appearances, he believed that he could save the child, it was not negligence to make an attempt to do so, al-

though believing that possibly he might fail and receive an injury himself. He had no time for deliberation. He must act instantly, if at all, as a moment's delay would have been fatal to the child. The law has so high a regard for human life that it will not impute negligence to an effort to preserve it, unless under such circumstances as to constitute rashness in the judgment of prudent persons. For a person engaged in his ordinary affairs, or in the mere protection of property knowingly and voluntarily to place himself in a position where he is liable to receive injury of a serious character is negligence which will preclude a recovery for an injury so received; but when the exposure is for the purpose of saving life, it is not wrongful, and therefore not negligent, unless such as to be regarded either as rash or reckless.''

It is claimed that Mrs. Alexander was negligent in permitting her children to be where they might be injured in crossing appellant's tracks. This was likewise a question of fact for the jury. West Chicago St. Ry. Co. v. Liderman, *supra*.

Appellant insists that the city ordinance was not violated, or if it was, the violation was not the proximate cause of the injury. We think the jury were fully justified in finding that the train was going at a greater speed than ten miles per hour permitted by the ordinance. Several witnesses testified that it was going from 30 to 35 miles an hour as it passed Fourth street. Was the excessive speed the proximate cause of the injury? It is probable that had this train been moving at the rate allowed by the ordinance. Mrs. Alexander would have arrived in time to have saved her child without injury to herself. It sometimes requires a careful weighing of probabilities and the natural course of human conduct to determine the question of proximate cause. Proximate cause is ordinarily a question of fact for the jury.

We do not think we ought to disturb their finding that the unlawful speed of the train was the proximate cause of the injury.

The instructions for appellee were not artfully drawn and may be subject to some criticism, but we do not think the errors suggested sufficient to warrant a reversal on that account, and the judgment will therefore be affirmed.

*Affirmed.*