WILLIAM S. MORRIS, Appellant, v. THE Z. T. BRIGGS PHOTOGRAPHIC SUPPLY COMPANY, Respondent.

**Kansas City Court of Appeals, June 14, 1915.**

1. **CONTRACTS: Commissions: Salary.** While an employee's salary is fixed by contract at a certain sum per year or month, and he continues to render services after the expiration of such period, without any new agreement, the law presumes, there being no evidence to the contrary, that the continued services were rendered upon the same terms.

2. ———: **Settlement in Full.** In an action upon a contract of employment for the recovery of certain commissions alleged to have been earned during a certain period, an instruction, which states that "If the jury find and believe from the evidence that on or about April 23, 1912, defendant gave plaintiff a check in full payment of all salary to date, and that in accepting such check it was understood by plaintiff and defendant to be in full compensation to plaintiff for all services rendered defendant, your verdict must be for defendant" is erroneous, because the acceptance of the check had no effect upon the right to a commission derived from an independent covenant in the contract.

Appeal from Jackson Circuit Court.—*Hon. Joseph A. Guthrie*, Judge.

REVERSED AND REMANDED.

*M. J. Kilroy,* for appellant.

*Moore & Creel* for respondent.

JOHNSON, J.—This is an action upon a contract of employment for the recovery of certain commissions plaintiff alleges he earned in the years 1908, 1909, 1910, and 1911, and which defendant agreed to pay in addition to the salary paid to plaintiff. The answer contains a general denial and affirmative defenses, the

nature of which will appear in our discussion of the case. A trial of the issues resulted in a verdict and judgment for defendant and plaintiff appealed.

At the beginning of the year 1906, Z. T. Briggs, a dealer in photographic supplies at Atchison, Kansas, removed his business to Kansas City and continued it under the trade name of Z. T. Briggs and Company, until April, 1908, when he organized the defendant corporation which succeeded him and assumed his business obligations. Shortly before his removal from Atchison, Briggs employed plaintiff who had been for many years in the service of another dealer in Kansas City, to assist him in conducting the new business and agreed to pay plaintiff a salary of $1320 a year in monthly installments of $110 each, and further agreed that for the second year of the service he would allow plaintiff in addition to such salary, a commission of $1 per month for each $1000 the volume of business for that year might exceed $60,000. It was agreed that a formal written contract would be entered into but this was not done. A written memorandum of some of the features of the oral agreement was drawn and signed by plaintiff. That memorandum was as follows: "$1 per month for each $1000 over $60,000 added for year 1907, $110 per month for 1906."

Pursuant to this agreement plaintiff entered the employment about January 1, 1906, and continued until April 23, 1912, and was paid the agreed salary which defendant voluntarily increased to $120 per month some time in the year 1908. After the close of the year 1907 defendant paid commissions to plaintiff earned under the agreement during that year. No further agreement was made relating to the terms of the employment and nothing said about commissions until 1909, when plaintiff requested payment of commissions earned during the year 1908.

According to the testimony of both parties this request provoked an angry dispute. Plaintiff insisted

and defendant denied that the contract provided for the payment of commissions after 1907. Defendant produced the written memorandum but plaintiff was not convinced that defendant's position was right and, so he states, ended the dispute with the assertion, "do not be alarmed, I will get my commissions as long as I am here." The next morning plaintiff reported for duty, was graciously received by defendant and the subject of commissions was not mentioned again.

Defendant agrees with plaintiff that the only reference to commissions was on the occasion of the controversy in 1909, but denies that plaintiff said he would have commissions as long as the employment continued and states that instead, plaintiff said, "if these commissions are not paid I will quit," to which defendant replied, "that is up to you, Mr. Morris."

When the employment was terminated in April, 1912, plaintiff requested defendant to mail him a check for all that defendant owed him. Afterward defendant drew a check for the amount due on salary, wrote on the check that it was in full payment of salary and mailed it to plaintiff who received and cashed it. Plaintiff then brought this suit to recover the commissions he claims his contract entitled him to receive for the years 1908, '09, '10 and '11.

At the request of plaintiff the court instructed the jury that if they believed from the evidence "that no change in plaintiff's compensation so far as it was affected by commissions was agreed upon between plaintiff and defendant at the time of the incorporation of defendant, or at any time thereafter, prior to January 1, 1912, and that during said period no notice was given by either party to the other that the compensation for services thereafter to be rendered so far as the same was affected by commissions would be changed, then plaintiff is entitled to recover in this action for each of said years an amount equal to twelve dollars for

each $1000 of sales made by the defendant in that year in excess of $60,000."

The following instructions were given at the instance of defendant: "The jury is instructed that if you find and believe from the evidence in this case that plaintiff and Z. T. Briggs mentioned in evidence, in about the year 1906, agreed that plaintiff should receive for services to be rendered by him, $110 per month during the year 1906, and for the year 1907, in addition to the sum of $110 per month, $1 per month for each $1000 over $60,000 in sales made by defendant during said year, and that plaintiff and Z. T. Briggs or the defendant had no contract for the year 1908, or thereafter, then the plaintiff cannot recover therefor in this action, and your verdict must be for the defendant."

"If the jury find and believe from the evidence that on or about April 23, 1912, defendant gave plaintiff a check in full payment of all salary to date, and that in accepting such check it was understood by plaintiff and defendant to be in full compensation to plaintiff for all services rendered defendant, your verdict must be for defendant."

And on its own motion the court instructed the jury "that if you find and believe from the evidence that in the year 1909 plaintiff made demand of defendant for commissions for the year 1908, and that the defendant, acting through its president, Z. T. Briggs, then denied owing any such commissions to plaintiff, and the plaintiff thereupon stated in substance that if his commissions were not paid he would quit the defendant's employ, and the said Z. T. Briggs replied thereto in substance that if plaintiff was so disposed he might quit, and if you find and believe from the evidence that from such conversation and all the facts and circumstances in evidence the plaintiff understood that he was to receive no commissions for the year 1909, and thereafter, but nevertheless continued in the

employ of the defendant thereafter, then you are instructed that this would constitute a change, or modification of the contract, if any, theretofore existing between the parties, and in such event there can, in this case, be no recovery by the plaintiff for commissions for the year 1909, or for any year thereafter.''

Counsel for plaintiff argue that the instructions given at the request of defendant express erroneous and prejudicial views of the law of the case. The second instruction precludes a recovery if the jury should find as a fact from the evidence that the parties ''had no contract for the year 1908 or thereafter.''

Plaintiff testified that when he signed the written memorandum it contained the words ''and thereafter.'' The memorandum now fails to show these words and the inference from plaintiff's testimony is that they were erased after he signed the paper. This, of course, is denied by defendant who states that the memorandum is now as it was when signed and expresses the oral agreement which contemplated, and applied only to, an employment for the years 1906 and 1907 and provided only for the payment of a commission on the business of the latter year. The cause of action pleaded is founded upon an express contract of hiring for the years subsequent to 1907, and plaintiff must recover, if at all, upon proof of an express contract of employment for the years in controversy. He cannot plead an express contract and be allowed to recover on proof of an implied contract. Taking defendant in its own evidentiary position, there can be no question that the employment of plaintiff was under an express contract for the definite terms of the year 1906 and 1907 with plaintiff's compensation fixed at a salary of $1320 per year and commissions on the business done in the second year in excess of $60,000.

The effect of the continuation of the employment after the termination of the definite period, without any new agreement, was to raise the presumption of a re-

newal of the contract for the following year. It is said in Bell v. Warehouse Co., 205 Mo. l. c. 489:

"While an employee's salary is fixed by contract at a certain sum per year or month, and he continues to render services after the expiration of such period, without any new agreement, the law presumes, there being no evidence to the .contrary, that the continued services were rendered upon the same terms. [Ewing v. Janson, 57 Ark. 240; Standard Oil Co. v. Gilbert, 84 Ga. 717; Crane Bros. Mfg. Co. v. Adams, 142 Ill. 125; Ingalls v. Allen, 132 Ill. 170; Tatterson v. Suffolk Mfg. Co., 106 Mass. 56; Adams v. Fitzpatrick, 125 N. Y. 124; Ranck v. Albright, 36 Pa. St. 367; Wood on Master & Servant, sec. 96; Home Fire Ins. Co. v. Barber, 67 Neb. 644; Rose v. Carbonating Co., 60 Mo. App. 28.]"

The rule thus is stated in Kellogg v. Ins. Co., 94 Wis. l. c. 557: "When one serves another under a contract for a year's service, and holds over, continuing in the service after the expiration of the year, there is a presumption, analagous to the presumption in the case of a yearly lease, that the parties' consent to the continuance through another year of the contract of service." See, also, 1 Labatt on Master & Servant, pp. 230-231; 26 Cyc. 976; 20 Am. & Eng. Ency. of Law, 16.

The presumption, called by Labatt "a presumption of fact" does not alter but continues the terms of the original contract and, therefore, does not have the effect of converting an express into an implied contract. It merely raises an inference as one of fact that the parties agreed to extend the operation of the old contract for another year. This view is consistent with the distinction observed by NORTONI, J., between express and implied contracts in Weinsberg v. Cordage Co., 135 Mo. App. 553; Stone v. Trust Co., 150 Mo. App. 331, and Wagner v. Illuminating Co., 141 Mo. App. 51.

Since defendant concedes that the subject of the terms of the employment was not mentioned until it arose in the dispute in the summer of 1909 over the commissions claimed by plaintiff for 1908, it follows from what we have said that the employment for 1908 and 1909 was under the terms of an express contract which provided for the payment of commissions in addition to the agreed salary, and since the agreement to pay a salary and a commission upon a stated contingency were divisible and in the nature of independent covenants (Marks v. Davis, 72 Mo. App. 557) the voluntary increase of the salary by defendant in the year 1908 was without effect upon the agreement respecting the commissions. If plaintiff had asked it he would have been entitled to a peremptory instruction to the jury to allow commissions for the years 1908 and 1909. As to the remaining years of 1910 and 1911 the proof of defendant tends to show that as a result of the dispute in 1909 between the parties over the question of defendant's liability for commissions, plaintiff acquiesced in the contention of his adversary that commissions would not be allowed. Such conduct did not affect his right to claim such compensation for the current year of 1909, but if it occurred, did have the effect of altering the terms of the contract for the succeeding two years to exclude commissions.

The only issue of fact which should have been submitted to the jury was whether defendant, in 1909, suffered the employment to continue with knowledge that plaintiff was standing on the agreement for commissions or whether plaintiff continued in defendant's service after the expiration of that year in the face of defendant's positive declaration that he would not allow commissions. For the reasons stated, defendant's second instruction should not have been given.

The third, also, was erroneous. The check was tendered and accepted in full satisfaction of "all salary to date" and not as "full compensation for all

services rendered by plaintiff to defendant.'' Its acceptance had no effect upon plaintiffs right to commissions derived from an independent covenant in the contract.

The judgment is reversed and the cause remanded. All concur.