## Charles M. Case, Appellee, v. Joseph E. Fagin, Appellant.

### Gen. No. 26,623.

1. WITNESSES—*when testimony of wife competent as agent of husband.* In an action in forcible detainer, *held* that the wife of defendant should have been permitted to testify to a conversation with plaintiff tending to show an admission of receipt of a notice mailed to him of defendant's intention to renew the lease under the terms thereof, her testimony being admissible as agent of her husband under the exception to section 5, ch. 51, of the Statutes (J. & A. ¶ 5522).

2. LANDLORD AND TENANT—*when notice of intention to renew lease sufficient.* The mailing of a notice of an intention to renew a lease, if received by the landlord, *held* sufficient.

Appeal from the Municipal Court of Chicago; the Hon. JOHN J. ROONEY, Judge, presiding. Heard in this court at the October term. 1920. Reversed and remanded. Opinion filed June 13, 1921.

BLUM, WOLFSOHN & BLUM, for appellant; HARRY J. FIREMAN, of counsel.

AUW & ZAHN, for appellee.

MR. JUSTICE MCSURELY delivered the opinion of the court

Defendant seeks the reversal of an adverse judgment in an action in forcible detainer tried before jury and court.

The written lease between the parties expired April 30, 1920, but contained a provision for an extension of two years providing the lessee would give the lessor notice in writing of his intention to renew the lease thirty days prior to April 30, 1920. Defendant testified that on March 29, 1920, he mailed to plaintiff such notice, but plaintiff testified he did not receive it. For the purpose of showing an admission claimed to have been made by plaintiff of the receipt of the notice, defendant's wife attempted to testify as to a conversation she had with plaintiff, but upon objection this was not permitted upon the ground that she was incompetent under section 5, ch. 51, of the Statute (J. & A. ¶ 5522). We are of the opinion she should have been permitted to testify under the exception in the statute which permits a wife to testify as to transactions conducted by such a married woman as the agent of her husband. This view finds support in *McDavid v. Rork,* 92 Ill. App. 482; *Poppers v. Miller,* 14 Ill. App. 87; *Lumbard v. Holdiman,* 115 Ill. App. 458; *Schneider v. Kabsch,* 91 Ill. App. 386. The facts in *Donk Bros. Coal & Coke Co. v. Stroetter,* 229 Ill. 134, are not like those before us. It would not be unreasonable to expect the husband to have his wife act as his agent in the matter of arranging with the landlord the details of their continued occupancy of their apartment.

Plaintiff says that personal notice of the intention

' of the lessee to renew the lease is required and that mailing the same is not sufficient. Whatever may be the rule as to a statutory notice, mailing the notice, if received by the landlord, is sufficient in this case. *Kinkade v. Gibson*, 209 Ill. 246.

For the error in not permitting the wife of defendant to testify as to her conversation with plaintiff, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Holdom, P. J., and Dever, J., concur.