## LOUISE DOERR, Respondent, v. RANDOLPH LAUGH-LIN, Appellant.

St. Louis Court of Appeals.    Opinion Filed December 6, 1921.

1. **WITNESS: Husband and Wife: Servant Employed by Wife: Action Against Husband: Wife's Testimony Competent: Estoppel.** In an action for wages by a domestic servant against the husband on a contract of employment alleged to have been made with the wife as the agent of the husband, *held* the wife is a competent witness to testify to transactions wherein she is alleged by the opposite party to have acted as the agent of her husband, and the party suing the husband on the theory that defendant is liable on transactions made by the wife as agent for the husband is estopped from objecting to the competency of the wife as a witness concerning her acts as such agent.

2. **MASTER AND SERVANT: Action for Wages: Evidence: Verdict Unsupported.** In an action for wages by a domestic servant, where the undisputed testimony shows that she worked only 26 days for which she had not been paid, and that her wages were to be $25 per month, *held* that there was no evidence to support a verdict for $25.

Appeal from the Circuit Court of the City of St. Louis—
*Hon. Granville Hogan,* Judge.

REVERSED AND REMANDED.

*E. McD. Stevens* for appellant.

*Oliver Fabick* for respondent.

DAUES, J.—Plaintiff sues for wages as a domestic servant in the home of defendant from October 4, 1918, to October 29, 1918. The proceedings were begun before a justice of the peace on a statement of account for $25, charging defendant for such services. Plaintiff prevailed in the justice court, and defendant appealed to the circuit court of the city of St. Louis, where again judg-

ment was rendered in favor of plaintiff. Defendant brings the case here for review.

The facts are simple. Plaintiff was hired as a house servant in the home of Laughlin in St. Louis county, and was to be paid $25 per month as wages. After being so engaged, she worked at the Laughlin home for about five months, and quit the employment on the 29th of October, 1918. Her month began on the 4th of the month, and she was to be paid at the end of each month, to-wit on the 4th of each month, hence she quit her work five days short of a full month.

According to plaintiff's testimony, she was employed orally by Mrs. Laughlin, the wife of defendant, to do the cooking and housework in the defendant's home. The character of the contract can be understood from plaintiff's testimony, as follows:

"I went to work for him on $25 a month to do the housework and cooking and to have extra help every two weeks. I made the arrangements with Mrs. Laughlin. . . . I was paid for all services between June 4th and October 4th. I was to be paid the fourth of each month. . . . The month of August and September I had to wait a whole week over my time for my money."

When asked on direct examination why she quit her employment before her month was up, she said:

"Why adding more work to my own and not getting my pay at the time I ought to get it and not enough food. I told Mrs. Laughlin I was going to leave. She did not want me to leave."

On cross examination, she said:

"I told her what wages I wanted. I mentioned $25 a month. . . . I asked her if $25 a month was satisfactory and she said it was, and I said it was. I was to bring my little girl along. . . . As far as any contracting arrangement was concerned I looked to Mrs. Laughlin for my money and she paid it. . . . When October 4th came around I intended to stay another month, she wanted me to stay another month . . .

208 M. A.—35

I could not make it because I had been promised another place and I had to be there . . . When I told Mrs. Laughlin I was going to leave before my *month was up* she told me she would not pay me if I left before my month was up. I said I would go anyhow and I did go anyhow. I did go, after she told me she would not pay me unless I stayed until my month was up."

There are no pleadings in the case, and we are not favored with brief or appearance for plaintiff. We can, however, gather the theory employed by plaintiff in the case from the record. Plaintiff's counsel, in his opening statement, said:

"Now the evidence will show that this lady worked continuously between June 4, 1918, and October 29, 1918, and that the reason she left on October 29, 1918, without completing her month, the evidence will show, first of all, that she did not get her money regularly on the fourth day of each month; secondly, that she was required to do more work than she originally agreed to do; and thirdly, that she did not get the proper amount of food for maintenance. Those are the three reasons why she left suddenly on October 29, 1918."

Instruction No. I, offered at the instance of plaintiff, is as follows:

"The court instructs the jury that if they believe and find from the evidence that the defendant employed plaintiff as a domestic servant in his home on June 4, 1918 and on a salary of twenty-nine ($29) dollars a month to be paid monthly, including board and lodging, and if the jury find that the plaintiff performed services as per agreement (if you find there was an agreement) and that she left the employ of the defendant on October 29, 1918, and if you find and believe from the evidence that defendant did not pay plaintiff for the services rendered from October 4, 1918, until October 29, 1918, inclusive, then your verdict will be for the plaintiff, provided you further find that the defendant did not furnish to the plaintiff adequate board, did not pay plaintiff her salary at the time specified, and required the plaintiff to per-

form more services than that provided for in the agreement (if you will find there was an agreement) and you will find for plaintiff (if you so find the facts to be), notwithstanding the fact that the plaintiff was employed by the wife of the defendant (if you so find), provided you further find that at the time the defendant's wife employed the plaintiff (if you so find) she was acting as the agent of the defendant.''

Observably, therefore, it is plaintiff's position that defendant breached the contract of employment, first, because more work was required of her than was agreed upon; second, because she did not get her wages regularly at the end of each month; third, because she did not get the proper amount of food for her maintenance, and that for these reasons she terminated her employment before the end of the month.

Defendant admits the employment of plaintiff by his wife, but insists he had nothing to do with the obligation, and that the contract of hire was one for a definite period from month to month, and that every condition imposed by plaintiff in the contract was fully met and complied with, and that plaintiff left before the end of her month in violation of her agreement.

Appellant alleges forty-six errors in his motion for new trial. All these are now formally presented to this court.

Defendant's chief insistence is directed against the court's action in refusing to allow defendant's wife to testify in his behalf. This action of the court in refusing to allow the wife to testify was upon the theory that under section 5415, Revised Statutes 1919, the burden was on the plaintiff to first establish the agency of the wife in order to make her testimony concerning the above transaction competent. Defendant made no effort to establish the agency of the wife, but on the contrary insisted that the employment was made by the wife not as his agent.

The proposition then addresses itself to us: Can plaintiff in an action in which the liability of the defendant is predicated by plaintiff upon a contract alleged by

plaintiff to have been made with her by the wife as the agent of the defendant, object to the competency of the wife's testimony concerning such contract?

We do not find any adjudicated case on this proposition in this State. However, in another jurisdiction, where the disqualification of the wife as a witness is very similar as under our statute, this question has been considered and decided. It was there determined that the wife is a competent witness to testify to transactions wherein she is alleged by the opposite party to have acted as the agent of her husband, and that the party suing the husband on the very theory that defendant is liable on transactions made by the wife as agent for the husband is estopped from objecting to the competency of defendant's wife as a witness concerning her acts as such agent. [Schneider v. Kabsch, 91 Ill. App. 386; Coons v. Drake, 64 Ill. App. 51.]

We think this doctrine well accords with reason. Any other position would lead to an absurdity. Indeed, in the instant case plaintiff's instruction required the jury to find that such agency existed.

As shown above, plaintiff proceeded upon the theory and established the fact that she was hired by the month. This appears from her counsel's statement to the jury; by her own testimony, and by the instruction given at the request of plaintiff.

It is sometimes difficult to determine when a contract of hiring is for a definite period and when such contract is terminable at will. However, under the facts and circumstances of this case, it appears plain that the hiring was intended by the parties to be for a definite period, from month to month. [Arnold v. Railway Steel Spring Co., 131 Mo. App. 612, 110 S. W. 617; Bell v. Warehouse Co., 205 Mo. 475, 103 S. W. 1014; Morris v. Briggs Photo Co., 192 Mo. App. 145, 179 S. W. 783.]

The wife being a competent witness, was her proffered testimony material, and did the court's refusal to allow this agent to testify deprive defendant of his substantial rights? The defendant offered to show by Mrs. Laughlin what the terms of the contract were, and facts

tending to show that the terms of the contract as entered into by her with plaintiff were not breached by Mrs. Laughlin or the defendant, as testified to by plaintiff, but were breached by plaintiff. Indeed, the proof offered to be made through the testimony of the wife went to the very vitals of the controversy, to-wit: the contract and the charge of a breach made by plaintiff against defendant. The exclusion of this evidence clearly worked a denial of a substantial right to which defendant was entitled under the law and constituted reversible error.

It is next urged that there was no evidence in the case to support the verdict in the amount of $25. In this complaint the defendant is also correct. Plaintiff states without ambiguity that her wages were to be $25 per month. She repeatedly testified that such was her wage. There is no evidence to the contrary. The judgment, therefore, does not represent wages over a period of time from October 4th to October 29th, to-wit 26 days, but covers wages for 31 days.

However, since the error pointed out above works a reversal of the judgment, it is unnecessary here to discuss the application of a *remittitur*.

There are other infirmities disclosed by the record, particularly in the selection of the jury and in the remarks of plaintiff's counsel to the jury. However, since the cause must be retried, it is not necessary to further discuss these objections nor the other matters complained of by appellant.

The question suggests itself as to whether, under the circumstances disclosed by this record, the husband is not liable to pay for the services of a domestic servant in his house as a necessity furnished to the household of the defendant, irrespective of the question of the wife's agency. However, since plaintiff holds to another theory of liability of the defendant and tried the case on such theory, we are not called upon to decide this question.

Accordingly, the judgment is reversed and the cause remanded. It is so ordered. *Allen, P. J.,* and *Becker, J.,* concur.