## TOWN OF KIRKWOOD, Appellant, v. MERAMEC HIGHLANDS COMPANY et al., Respondents.

**St. Louis Court of Appeals, May 27, 1902.**

1. **Monopolies: COMMON LAW.** Monopolies are not regarded favorably by the law and the power to create them will not be implied in a municipal charter.

2. **Municipal Corporations: POWERS OF.** Municipal corporations possess only those powers expressly granted or necessarily incident to those granted.

3. ——: ——. The charter of the town of Kirkwood, Missouri (enacted before the Constitution of 1875) empowered the board of

trustees "to provide the supply of water," and to make ordinances necessary for the general welfare of the town. But no power was expressly given to confer exclusive rights in respect of a water supply; hence, an attempt by the town to grant an exclusive privilege is void.

4. ———: ———. A bond to secure performance of a contract for a water supply to a municipal corporation under an ordinance purporting to grant an exclusive privilege for thirty years, is without consideration when it appears that the municipal authorities had no power to grant such an exclusive right.

5. ———: ———: BREACH OF BOND: FRANCHISE: ORDINANCE. In an action by a town for breach of a bond conditioned for the performance of stipulations in an ordinance granting an exclusive franchise, it appeared that the grantee had refused to perform and that the franchise is invalid in respect of its attempt to confer exclusive rights; it was held that the town can not compel the grantee to perform the other stipulations of the ordinance where the exclusive franchise is void.

6. ———: ———: AGREEMENT OF PARTIES ULTRA VIRES. Where parties have mutually accepted and performed an agreement, part of which is *ultra vires*, neither party may repudiate the agreement so far as it has been performed; but either may do so in so far as it remains executory.

7. Ordinances, CONSTRUCTION OF. Invalid parts of an ordinance or statute may be eliminated, leaving the rest of the law in force; but where the valid and invalid parts of legislation are so commingled as to make severance impossible, or where good parts are obviously dependent upon those which are invalid, the whole act must fall.

8. ———: ———. Where a town had authority to contract for a water supply for a period not to exceed ten years, it was held that an agreement for twenty years was wholly invalid and that it was not good for ten years.

9. Julian Law: ANSWER CONSTRUCTION OF STATUTES: PLEADING: CONSTITUTIONAL QUESTION: TRANSFER TO SUPREME COURT. The answer in this case relied on the Julian Law (R. S. 1899, sec. 6497-6500). The reply averred that said act was unconstitutional. The trial court found for defendants on other grounds. An appeal was taken to the Supreme Court which certified the case to the Court of Appeals; *held*, that the transfer of the case by the Supreme Court determined that no constitutional question was involved in the case (following Kirkwood v. Highlands Co., 160 Mo. 111).

Town of Kirkwood v. Meramec Highlands Co.

Appeal from St. Louis City Circuit Court.—*Hon. D. D. Fisher,* Judge.

AFFIRMED.

*O. J. & R. Lee Mudd* for appellant.

(1) The attempt of the town to grant respondents an exclusive privilege to build waterworks does not invalidate the ordinance, nor the first section thereof. The exclusive feature alone is void. The ordinance without this feature is good, and is sufficient consideration for the bond. Carroll v. Campbell, 108 Mo. 559; Gas Co. v. Parkersburg, 30 W. Va. 435; Grant v. City of Davenport, 36 Iowa 396; Grand Rapids E. L. & P. Co. v. G. R. E. E. L. & F. G. Co., 33 Fed. Rep, 659, 1. c. 679; Packet Co. v. Keokuk, 95 U. S. 80; Rand v. Mather, 11 Cush. 1; City of Linneus v. Dusky, 19 Mo. App. 20. (2) The act of the Legislature (Laws 1895, pp. 53-54, the so-called Julian Law) is, and has been by this court declared to be unconstitutional, null and void, and the town was not bound to sell the franchise at public auction or to do any act required by that act. State ex inf. v. Railway, 146 Mo. 155. (3) It was not incumbent upon plaintiff to make proof of specific damages sustained by the town through the failure of the Highlands company to build the waterworks. The bond is for liquidated damages and upon breach, the amount of the bond is forthwith due and demandable. 1 Sutherland on Damages (2 Ed.), sec. 285, pp. 584-5; Tinkham v. Sartori, 44 Mo. App. 659; Hamaker Adm'r v. Schroers, 49 Mo. 406; Cochran v. Railway, 113 Mo. 359.

*Noble & Shields* for respondents.

(1) Ordinances Ultra Vires. 2 Dillon on Municipal Corporations (4 Ed.), secs. 692, 695; Milhan v. Sharp, 27

N. Y. 611; Gale v. Kalamazoo, 23 Mich. 344; Des Moines Gas Co. v. Des Moines, 47 Iowa 505; Norwich Gas Co. v. Norwich, 25 Conn. 19; Cape Girardeau v. Riley, 72 Mo. 220; City of St. Louis v. Bell Telephone Co., 96 Mo. 623; City to use v. Eddy, 123 Mo. 546, 557; Union Depot v. Railway, 105 Mo. 562; Trenton v. Clayton, 50 Mo. App. 535; Knapp v. Kansas City, 48 Mo. App. 485; Carroll v. Campbell, 108 Mo. 550; State ex rel. v. Cramer, 96 Mo. 75; Beach on Municipal Corporations, sec. 622; Trust Co. v. Dayton, 59 Fed. Rep. 327. (2) Bond is not for liquidated damages. Bayse v. Ambrose, 28 Mo. 39; May v. Crawford, 150 Mo. 504; Long v. Tall, 42 Mo. 545; Morse v. Rathburn, 42 Mo. 594; Hammer v. Breidenbach, 31 Mo. 49.

BARCLAY, J.—This is an action for damages, in the sum of fifteen hundred dollars, for breach of the conditions of a bond executed to the plaintiff by the defendant company as principal, and by the other defendant as surety. The bond was conditioned for the faithful performance by the defendant company of the stipulations contained in an ordinance of the town of Kirkwood touching the construction of waterworks for the benefit of the citizens of plaintiff.

The controlling facts are not disputed. The plaintiff is a municipal corporation, governed by a special charter enacted before the Missouri Constitution of 1875. The charter empowers the board of trustees "to provide the supply of water" in said town, and to make such ordinances, not inconsistent with the laws of this State, as may be deemed necessary by the board for the good government and welfare of the town. Laws 1869, p. 125, sec. 3.

No express authority is given by the town charter to grant any exclusive right or franchise for the supply of water.

In September, 1895, the plaintiff town duly enacted an ordinance (No. 195) "providing for a supply of water to the town of Kirkwood."

The first section of said ordinance is important in its bearing on the issues of this litigation. Its terms are as follows:

"That in consideration of the public benefits to be derived from the erection and maintenance of a system of waterworks, the exclusive right and privilege is granted to the Meramec Highlands Company, its successors and assigns, for the period of thirty years from and after the passage of said ordinance, and for such further renewals and extensions of time thereafter as is provided for and by said ordinance, to erect, maintain and operate waterworks within the town of Kirkwood for supplying the said town and the inhabitants thereof with water, and for that purpose to use the streets, alleys, sidewalks and public grounds of the said town within its present and future corporate limits, for placing, taking up or repairing mains, hydrants, and other constructions and devices necessary to the construction or operation of the said waterworks."

All features of the ordinance need not be mentioned. Some of them noteworthy are these:

By section 4, it was provided that the Highlands company should commence the construction of the waterworks provided for by the ordinance, within a given time after its formal acceptance, and should have the waterworks in complete working order within a longer period defined, after the commencement of construction (with certain exceptions touching strikes, injunctions, etc., not necessary to particularize).

It was further provided that, while the ordinance was in force, the town would rent fire-hydrants of the company and pay a yearly rental of fifty dollars for each of (at least) thirty-five hydrants.

The ordinance then authorized the Highlands company to charge consumers of water supplied by the company, at a schedule of prices fully set out in the ordinance.

It was then provided that the written acceptance of the ordinance should have the effect of a contract between the town and the Highlands company, and that within a given time the Highlands company should enter into a bond in the penal sum of ten thousand dollars, with two sureties to be approved by the board of trustees, conditioned for the faithful performance of all of the terms of the ordinance.

Subsequently the ordinance was amended in certain particulars, which exended the time for complying with the terms of the ordinance. The Highlands company was also required, before accepting the ordinance, to file a bond in the sum of fifteen hundred dollars, with at least two sureties to be approved by the board of trustees, conditioned for the performance by said company of all the provisions of said ordinance.

It does not seem to be necessary to give all the particulars of the local legislation involved. Its substance is that the bond sued upon in this case by its terms secured the performance by the Highlands company of the preliminary conditions on which were granted the franchises defined by the ordinance. One of those conditions was the giving of another bond by the company in the penal sum of ten thousand dollars-with security for the proper execution of the work and of those features of the project which were to be performed in the future by the company when the enterprise was fully launched.

The preliminary bond sued upon provided, among other things, that the said sum of fifteen hundred dollars should "be taken and held as liquidated damages, to be forthwith due and owing to the said town of Kirkwood upon breach of said bond, without further inquiry or admeasurement of damages, and not as a penal sum for the payment of such damages as may be ascertained by inquiry independent of said bond."

The breaches of the bond alleged in this action are that the Highlands company did not at any time execute and file with the clerk of the town board a penal bond in the sum of ten thousand dollars as required by the amended ordinance;

and that said Highlands company did not begin and complete the construction of the said waterworks within the time mentioned in the ordinance on the subject.

The amendments of the original ordinance extended the time for the commencement of the work to May 24, 1897, and declared that the work should be fully completed within seven months after the date of the commencement of the construction thereof.

The petition exhibited the foregoing facts clearly, and prayed judgment for fifteen hundred dollars and interest.

The answer was a general denial (except as to the execution of the bond) and it contained certain special defenses, including that of want of consideration by reason of the illegality of the original ordinance.

It will not be requisite to make any further reference to the answer than to say that it set up the defenses which are considered in this opinion.

There was a reply filed, putting in issue the new matter of the answer.

The petition was filed September 8, 1897, and service upon the defendant was made on the fourteenth day of that month.

The bond in suit is dated December 9, 1896.

The case was tried by Judge FISHER, a jury having been waived.

At the close of the evidence, the learned trial judge declared the law to be that plaintiff, on his "own showing in this case, is not entitled to recover against the defendants."

After the usual moves for a review, plaintiff saved its exceptions and took its appeal to the Supreme Court.

1. The Supreme Court transferred this cause to the St. Louis Court of Appeals for hearing, thereby holding that the jurisdiction to determine this appeal is here.

One of the features of the answer is that the franchise conferred by the ordinance was not put up and sold at public

auction to the best bidder as contemplated by the act of the General Assembly of Missouri, commonly called the Julian Law (Laws 1895, p. 53; R. S. 1899, secs. 6497-6500). By the reply the plaintiff averred that said act was unconstitutional and void. The trial court found in favor of the defendants on other grounds than those involving the constitutional question. Moreover, that question was fully considered and decided in State ex rel. Att'y-Gen. v. Railway Co., 146 Mo. 155. In these circumstances we are not at liberty to decide whether a constitutional question is involved in the present hearing by reason of the facts aforesaid, inasmuch as the Supreme Court has determined that question by transferring the case to this court. We have neither the disposition nor the power to review that decision. Kirkwood v. Highlands Co., 160 Mo. 111.

2. The main contention of defendants is that the bond is without consideration because founded upon a supposed agreement in the ordinance purporting to confer an exclusive privilege upon the Highlands company, and that said exclusive privilege is void.

The charter of Kirkwood was enacted before the Missouri Constitution of 1875. Even if it be conceded (though we by no means assume to decide) that the limitations in the present organic law, touching the grant of exclusive rights or privileges, do not apply to towns operating under older charters, it is clear that the exclusive part of the franchise sought to be created by the municipal legislation before us is not valid.

Municipal corporations of this character possess only those powers expressly granted or which are necessarily incident or appurtenant to those express powers. This general rule has been often applied as prohibiting the grant of exclusive rights similar to those in question here, where the charter under which such rights are claimed did not contain express authority to grant the exclusive privilege. Monopolies are not regarded favorably by the law, and the power to create them

will not be implied.  Dillon, Munic. Corps. (4 Ed.), sec. 692; Endlich, Interpretation (1888), sec. 354.

There is no pretense that the town charter of Kirkwood authorized the grant of the franchise here in question as an exclusive one.  So we are bound to conclude, according to the principles of general jurisprudence, irrespective of any constitutional inquiry, that the attempt to convey an exclusive franchise to the Highlands company, by the ordinance in question, was futile.

The foregoing proposition, however, does not appear to be seriously disputed.  The able counsel for plaintiff substantially concedes that the exclusive feature of the ordinance is invalid.  But he advances the claim that the ordinance is good in other respects and that the local legislation may be sustained without the exclusive grant.

It is undoubted law that, in some instances, invalid parts of an ordinance or of a statute may be eliminated leaving the other parts in full force.  County Court v. Griswold, 58 Mo. 199; St. Louis v. Railroad, 89 Mo. 44; State v. Newell, 140 Mo. 282.

But where the valid and invalid parts of a law, of whatever rank, are so commingled as to render their severance impossible, or where they are so joined as to make the valid portions obviously dependent upon those which are invalid, the entire legislation must fall.  A very apposite illustration of this principle is found in State ex rel. Davis v. Harrsion, 46 N. J. Law 79.

It is sometimes a question of great nicety to determine when invalid portions of a law may be excerpted and the good left in force.  Yet in the case at bar we think the question is not one of difficulty.  It seems to us obvious that the exclusive feature of a privilege, such as that in question, must have formed a most important part of the franchise granted, in the estimation of the persons to whom the proposition of the city, in the form of an ordinance, was made.

The plaintiff's learned counsel, in a lucid and interesting discussion of the case, argues that the franchise conferred by the ordinance is valid· despite the provisions as to exclusiveness, invoking the ruling in Carroll v. Campbell, 108 Mo. 550. There is, however, an important difference between that case and the one in hand. We do not doubt that if the parties interested in the Highlands company had seen fit to accept the grant contained in the ordinance under review, without the exclusive feature thereof, or had accepted it and carried it out, without insisting upon that feature, the city could not have complained or repudiated the obligation to pay, in so far as the agreement was executed. That doctrine is all that the Carroll case maintains. It finds another illustration in Cartersville Co. v. Cartersville, 89 Ga. 683, a case wherein a city entered into an ordinance contract for a gas supply for twenty years, when it had power to make such an agreement on credit only for one year. It was held that the agreement was operative from year to year so long as neither party renounced it, and that so far as it was executed it was enforcible. But that is quite a different proposition from the one involved in the present case. Here the city is endeavoring to enforce a bond based upon a contract a part of which the city is unable to perform because it is unable to confer upon the Highlands company the exclusive privilege which the ordinance purports to grant.

In State ex rel. Davis v. Harrison, 46 N. J. L. 79, a town was assumed to have authority to contract for a water supply for a term not to exceed ten years; but it nevertheless entered unto such an agreement for twenty years. The court held that the unauthorized stipulations in the municipal resolutions, and the term of their duration, were "not severable but must stand or fall together" (p. 85). So the resolutions embodying the contract were quashed and adjudged invalid,

Town of Kirkwood v. Meramec Highlands Co.

even for the short term for which the agreement might properly have been concluded.

The law governing the facts before us precludes the enforcement of the ordinance against the Highlands company when it resists as to the executory terms of the agreement which the ordinance contains. The town can not justly compel the Highlands company to perform the unexecuted part of the agreement when the town is itself powerless to secure to the company the exclusive right which forms so material and essential a part of the undertaking.

The learned trial judge put his views of the law of the case into a few lines which so well impart the gist of our conclusion that we quote them now and fully confirm what he said, namely:

"I am satisfied that the contract, the payment of which is guaranteed by the bond sued on, is *ultra vires* of the corporation of the town of Kirkwood, for the reason that it grants to the Highlands company an exclusive privilege, and is therefore void. It could not be enforced against the plaintiff, and the plaintiff can not enforce it against the Highlands company. The contract being void, there is no consideration for the bond, which is the foundation of this suit; and judgment should go in favor of defendants for that reason. It is not, therefore, necessary to consider any other defense pleaded."

The judgment is affirmed. *Bland, P. J.,* and *Goode, J.,* concur.