GROVER COLEMAN, by his Guardian, P. P. BOGGAN, Appellant, v. MATTIE ROBERTS and DAL ROBERTS.

**Division One, November 25, 1908.**

**APPEAL: Dismissal: Insufficient Abstract.** However insufficient the abstract may be in other respects, if the petition, answer and reply are properly abstracted, and a certified copy of the judgment and order of appeal is in the office of the clerk of the appellate court, which is before the court and accessible, that much of the record proper is reviewable on appeal, and the appellant is entitled to have the appellate court determine whether or not the judgment is one that can be permitted to stand on the face of the pleadings, and the appeal will not be dismissed, but, there being no error in the record proper, the judgment will be affirmed.

Appeal from Mississippi Circuit Court.—*Hon. H. C. Riley,* Judge.

AFFIRMED.

*Boone & Lee* for appellant.

*Russell & Deal* for respondents.

GRAVES, J.—In this case there is a motion to dismiss the appeal for failure to file a sufficient abstract of record as required by the rule of this court. That the abstract falls far short of this rule we are all agreed. The abstract is deficient in many respects as

pointed out in the very recent cases of Harding v. Bedoll, 202 Mo. 625; Stark v. Zehnder, 204 Mo. 442; Pennowfsky v. Coerver, 205 Mo. 135. In these cases we have fully covered our rule and the requisites of an abstract and feel that what we have therein said is sufficient for the guidance of the bar. For that reason we do not take up in detail the deficiencies of this abstract. The motion, however, is to dismiss the appeal. The appeal was taken by the short form. In the abstract before us, the petition, answer and reply are properly abstracted. In our clerk's office is a certified copy of the judgment and order granting the appeal, which is likewise before us, and under such circumstances that much of the record proper is for consideration. If so, the appellant is entitled to the judgment of the court upon the question as to whether or not the judgment entered is one which can be permitted to stand upon the face of the pleadings and judgment. In such case we will not dismiss the appeal, but will affirm or reverse the judgment as may be required by the record properly before us.

In Stark v. Zehnder, 204 Mo. l. c. 448, upon a similar condition of the record we said: "Upon that condition of the abstract respondents base a motion to dismiss the appeal. We should not dismiss the appeal in this case because we have, in sufficient form, the pleadings, the judgment and the order allowing the appeal, and appellants are entitled to show if they can that the judgment is erroneous on the face of the pleadings, but in the absence of a sufficient showing by the abstract that on the face of the court record proper there are entries showing that the motion for a new trial was filed, that it was overruled and that the bill of exceptions was filed, we cannot consider any alleged error of the court contained in the bill of exceptions. [Hill v. Butler County, 195 Mo. 511, and other cases cited by respondents in their briefs on this motion.]"

The record before us does not abstract the order granting the appeal, for the only thing said therein is in this language: "This motion being overruled plaintiff duly excepted and in due time filed his affidavit for appeal." From this it will be observed that the only thing said about an appeal is the filing of an affidavit therefor. If it were a matter of first impression, we might feel constrained to say that because of the failure to abstract this record entry granting an appeal, we should merely dismiss the appeal. That to abstract such record, as indicated in other cases, is the better practice, and one really contemplated by the rule, cannot be questioned. But in the case of Pennowfsky v. Coerver, 205 Mo. 136, we seem to have considered it sufficient, if there was, as a matter of fact, a certified copy of the judgment and order granting the appeal on file, which of course would be with our clerk and the papers in the case, that such would be taken to cure the defect in the abstract. In that case, covering that point we said:

"At a trial to a jury, *semble,* the verdict was in favor of plaintiff, and defendant ostensibly appealed; but through inadvertence he has made it impossible for us to consider his appeal, and it must be dismissed for reasons. For instance:

"(1) Because (*imprimis*) there is here no certified copy of the record entry of the judgment appealed from, 'showing the term and day of the term, month and year upon which the same shall have been rendered, together with the order granting the appeal,' as required by section 813, Revised Statutes 1899. Nor is there here, in lieu thereof, any perfect transcript or abstract showing any judgment whatever or order granting an appeal."

Whilst this case does not in terms say that the filing of a certified copy of the judgment and order granting an appeal, would supply the deficiency in

the abstract, yet it might be so construed, and perhaps upon principle such could be justified, and this for the reason that in a short transcript such paper is the basis of our jurisdiction, and is of easy access. So that considering all the cases, we are disposed to overrule the motion to dismiss the appeal, but in so doing, we cannot, for other deficiencies in the record, consider more than the pleadings and the judgment. Such has been the course taken by the Kansas City Court of Appeals, Wilds v. Ins. Co., 65 Mo. App. l. c. 80, wherein GILL, J., said: "While, then, we shall overrule the motion to dismiss the appeal, the case will be retained simply to determine the one point sufficiently abstracted, to-wit: does the petition state facts sufficient to constitute a cause of action?"

Considering the pleadings and judgment in this case, we find an ordinary petition in ejectment. Answer, a general denial and plea of the ten-year Statute of Limitations. Reply, a general denial. Finding and judgment for defendant and against plaintiff for costs. Such a judgment can be consistently rendered upon the pleadings and upon the abstract before us. This is the only question for our determination.

The judgment of the circuit court will therefore be affirmed.

All concur.