CITY OF FARMINGTON, Respondent, v. FARMINGTON TELEPHONE COMPANY, Appellant.

St. Louis Court of Appeals, February 23, 1909.

1. PLEADING: Departure. In an action by a city against a telephone company, where the original petition declared on an ordinance granting an exclusive franchise to the defendant in consideration of certain payments for which the plaintiff asks judgment, an amended petition which counted on an agreement on the part of the telephone company to pay rental for the use of the streets, without saying that the agreement was formed by an ordinance granting exclusive franchise, was not

a departure, nor was a second count of the amended petition suing for the same debt as being the reasonable value of the use of the streets.

2. **PRACTICE: Demurrer: Amended Petition.** In determining the merit of a demurrer to an amended petition, the court cannot look to the original petition, but should consider only the amended one.

Appeal from St. Francois Circuit Court.—*Hon. Chas. A. Killian,* Judge.

AFFIRMED.

*Marbury & Hensley* and *M. R. Smith* for appellant.

Monopolies are not regarded favorably by the law and the power to create them will not be implied in a municipal charter. Town v. Company, 94 Mo. App. 644; Dillon, Munic. Corp. (4 Ed.), sec. 692; Endlich, Interpretation (1888), sec. 354. The original petition sought to recover upon a written contract, viz.: Ordinance 77, this ordinance was, on defendant's demurrer, held to be void; the first amended petition seeks to recover, by its first count, on a parol contract, and by its second count, on a quantum meruit; such amendments necessarily state a cause or causes of action of entirely different nature from the original cause of action and therefore is not an amendment, but a substitution of one cause for another, and different one, and is a clear departure. R. S. 1899, sec. 657; Herman v. Glann, 129 Mo. 335; Scoville v. Glasner, 79 Mo. 449; Liese v. Meyer, 143 Mo. 547; Jordan v. Railroad, 105 Mo. App. 455; Ross v. Land Co., 162 Mo. 331; Walker v. Railroad, 193 Mo. 478; Jackson v. Van Horn, 91 Mo. App. 657; Machine Co. v. Mfg. Co., 100 Mo. App. 423; Clothing Co. v. Railroad, 71 Mo. App. 247.

*B. H. Boyer* and *Edward A. Rozier* for respondent.

The amended petition stated a good cause of action in both counts; and contained all the constituent ele-

ments necessary to entitle plaintiff to recover. R. S. 1899, secs. 592, 598; Gardner v. Armstrong, 31 Mo. 539; Knapp, Stout v. St. Louis, 156 Mo. 343; Cram v. Railroad, 87 Mo. 588; Callahan v. Cafferata, 36 Mo. 136; Ahern v. Collins, 39 Mo. 145; Hallock v. Brief, 80 Mo. App. 331; Verdin v. City of St. Louis, 131 Mo. 26; Goodson v. Goodson, 140 Mo. 206; Perkins v. Baer, 95 Mo. App. 70; Randolph v. Wheeler, 182 Mo. 145. Even though defendant did not abandon his motion to strike out by filing a demurrer there was no departure for the same cause of action was stated in the amended petition that was set out in the first petition; and the mere fact that the second petition contains two counts, stating the cause of action to meet the varying forms of proof, would make no difference. Stewart & Jackson v. Van Horne, 91 Mo. App. 655; Schwab v. Railway, 71 Mo. App. 241; Rippee v. Railroad, 154 Mo. 358; Lottman v. Barnett, 62 Mo. 159; Walker v. Railroad, 193 Mo. 476; Howard v. Hawkins, 75 Mo. App. 154.

STATEMENT.—An amended petition was filed in this cause which reads as follows:

"Plaintiff states that it is a municipal corporation duly organized as a city of the fourth class under the general laws of the State of Missouri.

"Plaintiff further states that defendant is a corporation duly organized and existing under the laws of the State of Missouri, and having its chief place of business at Farmington, Missouri, and that defendant is engaged in operating a telephone plant or system in the county of St. Francois, Missouri.

"Plaintiff further states that defendant has for a period of two years, to-wit: from the first day of June, 1904, to the 21st day of April, 1906, used, occupied and enjoyed the streets, alleys, highways, roads, avenues and land belonging to the city of Farmington for the erection and maintenance of telephone poles, wires,

cables and apparatus used by defendant in the operation of its said telephone plant or system under agreement to pay to plaintiff two per centum annually of the gross earnings derived by defendant in the operation of its said telephone plant or system for such use and occupation of said property of plaintiff; plaintiff states that the gross earnings of defendant from the operation of said telephone plant for the year from June 1, 1904, to June 1, 1905, was five thousand dollars; plaintiff states that the gross earnings of defendant on the operation of its said telephone plant and system from the year from June 1, 1905, to April 21, 1906, was five thousand dollars; plaintiff states that by reason of the premises that defendant owes plaintiff the sum of two hundred dollars; that defendant, although often requested, has refused and still refuses to pay plaintiff said sum of two hundred dollars and that said sum is now due and payable. Wherefore plaintiff asks judgment.

"For a further, separate and distinct cause of action plaintiff states that it is a mutual corporation duly organized and existing as a city of the fourth class under the general laws of the State of Missouri.

"Plaintiff states that defendant is a corporation duly organized and existing under the laws of the State of Missouri and having its chief place of business at Farmington, Missouri; and that it is engaged in conducting a telephone plant or system in the county of St. Francois.

"Plaintiff further states that defendant is justly indebted to plaintiff in the sum of two hundred dollars, being the reasonable value due plaintiff by defendant for the use, and occupation by defendant of the streets, alleys, highways, roads, avenues and land belonging to the city of Farmington in the erection and maintenance by defendant of its telephone poles, wires, cables and apparatus in said streets, alleys, highways, roads, avenues and land of the city of Farmington for a period

of time from June 1, 1904, to April 21, 1906; that said sum of two hundred dollars is the reasonable value of such use and occupation; that said sum has not been paid by defendant although often demanded and is now due and payable, wherefore plaintiff asks judgment."

. Defendant moved to strike out the foregoing petition because the original petition, in failing to state a cause of action, was left unamendable, and because each of the two counts in the amended petition was a departure from the case stated originally. The motion to strike out was overruled and defendant saved an exception. Thereupon it filed a demurrer to the amended petition. The grounds of demurrer to the first count were as follows: said count did not state facts sufficient to constitute a cause of action; it appeared the count was based on an agreement, and the agreement was not said to be a written contract or ordinance duly passed by the city of Farmington, approved by the Mayor and accepted by defendant, as provided by section 6759 of the Revised Statutes 1899; the agreement declared on in the first count was not stated in substance, because the count did not show at what particular time the agreement was made, or with whom plaintiff entered into it, or the period over which it was to extend. Grounds of demurrer to the second count were: said count did not contain facts sufficient to state a cause of action; under section 6759, Revised Statutes 1899, no action could arise against defendant as a city of the fourth class on a quantum meruit. The demurrer was overruled and as defendant stood on it and refused to plead further, judgment was entered against it for the sum of two hundred dollars, and this appeal was prosecuted. The original petition is contained in the record and, in substance says, the city of Farmington, on February 5, 1898, by ordinance duly passed, offered for sale at public auction to the highest bidder, the exclusive franchise and privilege to construct and maintain a telephone system and exchange in said city, with

authority to erect a telephone plant above, across, along, beneath and through any and all highways, roads, avenues, alleys, parks, squares, streets and land belonging to said city; that defendants Kossuth W. Weber and T. P. Pigg, as partners under the firm name of the Farmington Telephone Company, were the highest responsible bidders at the sale and bid to pay the city two per cent of the gross earnings of the telephone company; the city accepted their bid and on April 4, 1898, the board of aldermen passed an ordinance which was duly approved by the mayor, by which the city granted Weber and Pigg and their successors and assigns, a franchise to erect and operate a telephone exchange in the city of Farmington. The ordinance is set out in full in the petition. It recites that Weber and Pigg, as partners under the name of the Farmington Telephone Company, had been the highest responsible bidder for an exclusive franchise for a telephone exchange in said city, said franchise having been offered for sale at public auction; that Weber and Pigg had bid two per cent on the gross earnings of the system during the first five years, in consideration of the use and occupation of the streets and other lands of the city, and agreed the percentage to be paid should be increased for each subsequent period of five years, to correspond with the increase in value of the land thus occupied. The ordinance then proceeds to grant to Weber and Pigg, their successors and assigns for twenty years, the exclusive right, privilege, authority and franchise to construct, extend, maintain, occupy and use the telephone system and plant above, across, along and through the streets, avenues, alleys, highways, squares, parks and lands belonging to the city of Farmington. It further provides said grantees, their successors and assigns, shall on or about June first of each year, pay to the city treasurer of said city of Farmington, to the credit of the general revenue fund, a sum equal to two per cent of the gross earnings during the first five years for the

occupation and use of the streets, and thereafter for each period of five years such percentage shall be increased to correspond with the increase of the value of the land occupied. After reciting the ordinance, the petition says Weber and Pigg filed with the board of aldermen written acceptance of the terms of the ordinance and the Farmington Telephone Company, a corporation, and the defendant in this action, is the successor of said Weber and Pigg. It is further alleged that on April 21, 1906, by mutual agreement with the city and the telephone company, the contract expressed in the ordinance was terminated, and the city thereupon granted defendant a new franchise for a term of twenty years; but whether an exclusive franchise or not, the petition does not say. It is alleged defendant paid the city two per cent of its gross earnings from the date of its organization until June 1, 1904; on April 21, 1906, was indebted to plaintiff for the rental due from June 1, 1904, to the said date in April, and this defendant had wholly refused to pay.

GOODE, J. (after stating the facts).—We are not called on to determine the adequacy of the original petition, because that point was determined in favor of defendant, which has appealed, contending the amended petition should have been struck out as constituting a substitution of an entirely different cause of action; in other words, a departure. This position is untenable. Whether good or not, the first petition sought to recover from defendant the identical debt alleged to be owing in the amended petition, to-wit: payment for the use of the streets and public grounds of the city by defendant in the maintaining and operating a telephone system from June, 1904, to April 21, 1906. The difference between the two petitions is the first one declared on an ordinance granting an exclusive franchise to defendant, or its promoters, in consideration of certain·

payments, whereas the amended petition counts on an agreement to pay a rental for the use of the streets, etc., without saying the agreement was formed by an ordinance granting an exclusive, or any other franchise. The second count of the amended petition declares for the same debt as being the reasonable value of the use of the city streets during the period mentioned. It ought to be needless to say, that though a petition is demurrable for stating no cause of action, it may be so amended as to state one, if a new cause is not substituted by the amendment. The motion to strike out was rightly overruled; for the amended petition was not a departure, but related to the same matters, called for the same measure of damages and might be supported by the same evidence as the original one. [Lottman v. Barnett, 62 Mo. 159; Rippee v. Railroad, 154 Mo. 358; Schwab v. Railroad, 71 Mo. App. 241.]

The whole argument in favor of the demurrer to the amended petition goes back to the alleged invalidity of the original petition, and counsel for defendant insist the latter stated no cause of action because it declared on a contract which conferred a monopoly on defendant and was, therefore, invalid; citing Town of Kirkwood v. Meramec Highlands Company, 94 Mo. App. 644. We cannot look at the original petition to determine whether the demurrer should have been sustained to the amended one, for a demurrer reaches only defects in the pleading against which it is lodged. Hence we will not say the ordinance granting an exclusive franchise was either void or valid; for this ordinance is not presented or alluded to in the amended petition and is not before us for construction. Section 7659 of the Statutes, which regulates the form of contracts entered into by municipalities though referred to in the demurrer, is not brought forward or even mentioned in the brief for defendant as relevant to the propositions for which they contend.

The judgment is affirmed. All concur.