WILLIAM J. STONE, Receiver of Mullanphy Savings Bank, Respondent, v. ST. LOUIS UNION TRUST COMPANY, Appellant.

St. Louis Court of Appeals, July 12, 1910.

1. APPELLATE PRACTICE: Complete Transcript: Jurisdiction. The filing of a complete transcript in the appellate court within the time mentioned in section 813, Revised Statutes 1899, confers jurisdiction on the court to determine the appeal.

2. ———: ———: Abstract: Not Necessary to Show Filing of Transcript: Judicial Notice. The appellate court will take judicial notice of the facts revealed by its own records, and hence where a complete transcript is filed in the appellate court within the time mentioned in section 813, Revised Statutes 1899, the court will not refuse to consider the cause for the reason the printed abstract fails to recite that a complete transcript was filed.

3. CONTRACTS: Offer Must Be Complete. Where an offer is intended to create legal relations, it must be so complete in itself, that, upon acceptance, an agreement is formed containing all the essential terms of the contract, and hence where a trust company advertised that it "allows interest on deposits," such advertisement is not sufficient as an offer to pay a certain amount of interest at certain times, no such suggestion being contained therein.

4. ———: Express Contract: Meeting of Minds: Evidence. A contract sued upon, which, though not express, is, nevertheless, an actual contract to be established by the evidence, need not be proved by express and positive statements, but may be inferred. from competent facts and circumstances; but the establishment of such a contract involves a finding of fact that the

Stone v. Union Trust Co.

minds of the parties met in the same sense and at the same time.

5. ———: Implied·Contracts: Nature Of. An implied contract may exist where there is no *aggregatio mentium*, and such contracts are distinct from actual contracts, for if there be an actual contract there is no necessity for the law implying one.

6. ———: Express Contract: Meeting of Minds: Necessity of Establishing. Where the plaintiff declares upon an actual contract and states its terms, it is essential for him to give proof which at least affords a reasonable inference that the minds of the parties agreed upon the contract as pleaded.

7. ———: ———: ———: ———. Agreement of the minds of the contracting parties is an essential element of every contract not implied by law. Such an agreement is usually reached by an offer put forth on the one side and accepted on the other, which offer must be sufficiently certain so that its acceptance will include all of the terms of the contract, and if an offer is not communicated to the party seeking to avail himself of it as the basis of a contract, it will be insufficient.

8. TRUST COMPANIES: Interest on Deposits: Contracts: Offer and Acceptance. Under the charter provisions of a trust company, by which it is prohibited from receiving money on deposit without paying some interest thereon, the rules of such company, providing for the allowance of a certain rate of interest on deposits, to be computed at certain times, should be considered in connection with an advertisement of such company that it "allows interest on deposits" as an offer sufficient to constitute the basis of a contract, if a depositor accepts the same and makes a deposit in reliance thereon.

9. ———: ———: ———: ———: Facts Stated. Where plaintiff deposited money with defendant trust company, relying only upon its advertisement that it "allows interest on deposits," and ignorant of its rules for paying two per cent. interest computed at certain times and in a certain manner, there was no contract on the theory of an acceptance of an offer to pay such interest so computed, as, in order for a contract to so arise, all the terms of the offer must have been communicated to the depositor and relied upon by him at the time he made the deposit.

10. CONTRACTS: Pleading: Amendment. A petition declaring on an express contract may be amended so as to declare on an implied one of the same general import.

Appeal from St. Louis City Circuit Court.—*Hon. Robert M. Foster,* Judge.

REVERSED AND REMANDED.

*Stewart, Eliot, Chaplin & Blayney* for appellant.

(1) A bank is not liable to a depositor for interest upon a deposit unless there is a contract between them calling for payment of interest. 3 Am. and Eng. Ency. Law (2 Ed.), p. 829; Zane, Banks and Banking, sec. 159. (2) Where such a contract is alleged to be based on offers contained in published advertisements which are claimed to have been accepted by acting thereon, such advertisements, (a) Must amount to an offer in fact, and not ᵃ mere inducement or invitation to do business. 9 Cyc. 276; Anson on Contracts (1 Am. Ed., 1895), p. 47; Anderson v. Public Schools, 122 Mo. 61; Westervelt v. Demarest, 46 N. J. L. 37. (b) Must be sufficiently definite to form the basis of a contract; that is, must contain all of the terms of the alleged contract. 9 Cyc. 248; Lee v. Dodd, 20 Mo. App. 271, l. c. 281; Clark v. Railroad, 81 Fed. 282; Gafford v. Proskauer, 59 Ala. 264; Van Slyke v. Ins. Co., 115 Cal. 644. (c) Must have been communicated to plaintiff prior to making his deposit with defendant. 9 Cyc. 252, 254; Smith v. Vernon County, 188 Mo. 501. (d) Must have been acted on by plaintiff, that is, plaintiff must have made his deposit with defendant on account of and in reliance upon such advertisements. Smith v. Vernon County, 188 Mo. 501.

*Pearce, Davis & Curlee* for respondent.

(1) The abstract is insufficient in that it fails to show jurisdiction in this court. The abstract neither shows a filing in this court of a complete transcript, nor in lieu thereof what is called the "short record." Wagon & Buggy Co. v. Cornell, 131 Mo. App. 344; Harding v. Bedoll, 202 Mo. l. c. 630; Pennowfsky v. Coerver, 205 Mo. l. c. 136. (2) The court will not refer to the complete transcript to supply deficiencies in the abstract. Harding v. Bedoll, 202 Mo. l. c. 632; Vandeventer v. Goss, 190 Mo. 239. (3) All the facts and circumstances proved, are substantial evi-

dence showing and do sufficiently establish that the receiver had knowledge of defendant's definite promise to pay interest on deposits at a definite rate. Knowledge may be shown by facts and circumstances as well as by direct testimony. Maupin v. Emmons, 47 Mo. 304; Shumate v. Reavis, 49 Mo. 333; Whitman v. Taylor, 60 Mo. 127; Van Raalte v. Harrington, 101 Mo. 602; Drey v. Doyle, 99 Mo. 459; Lemay v. Poupenez, 35 Mo. 71; Muldrow v. Robinson, 58 Mo. 331; State ex inf. v. Lincoln Trust Co., 114 Mo. 562. (4) Even though the receiver is not held to have had knowledge of the trust company's published rules fixing interest rates, yet if he knew that the trust company did hold itself out to the public that it would pay interest on deposits and if the receiver began his deposit intending to accept the terms offered by the trust company, whatever they were, then a contract thereby arose obligating the company to pay interest according to its fixed rules and the contract is made certain by reference to such rules and regulations according to the doctrine, *id certum est quod certum reddi potest.* 9 Cyc. 250; Anson on Contracts, p. 21 (Huffcut, 1895); Watkins v. Rymill, 10 Q. B. D. 178; O'Bryan v. Kinney, 74 Mo. 125; Kellerman v. Railroad, 136 Mo. 177; Snider v. Adams Express Co., 63 Mo. 376; Railroad v. Watson, 110 Ga. 681; Fonseca v. Cunard Steamship Co., 153 Mass. 553; Insurance Co. v. Neiberger, 74 Mo. 167; Vette v. Evans, 111 Mo. App. 594; McHoney v. Insurance Co., 52 Mo. App. 95; 2 Hutchinson on Carriers, sec. 1077.

NORTONI, J.—This is a suit on a contract for interests alleged to have accrued on a current account of funds deposited by the plaintiff receiver for several years with the defendant trust company. Plaintiff recovered and defendant appeals.

Before stating the case and disposing of the questions arising on the merits thereof, it becomes essen-

tial to notice certain preliminary arguments pertaining
to the right of this court to review the appeal.

The case is here on a full transcript of the record as
authorized by section 813, R. S. 1899, section 813,
An. St. 1906. Defendant, appellant, has furnished the
court an abstract thereof as well, but it is said this ab-
stract is insufficient, first, for the reason that it does
not show what judge presided at the trial of the cause.
This is an error in fact, for upon examination, it is
clearly disclosed that Hon. Robert M. Foster, judge of
the circuit court of the city of St. Louis, presiding in
Division No. 3 thereof, presided at the trial of the cause.

The second argument with respect to the insuffi-
ciency of the abstract is to the effect that it omits to
show the judge who signed the bill of exceptions was
either the judge who tried the cause or his successor in
office. The bill of exceptions is signed by Judge George
H. Williams as the judge presiding in Division No. 3
of the circuit court of the city of St. Louis at the time
the bill was tendered, and the abstract recites that
Judge Williams was the successor in office to Judge Fos-
ter who presided at the trial. So much appears clearly
in the abstract of the record immediately above the cer-
tificate of the clerk of the circuit court evincing the
transcript to be true and complete.

The third argument as to the sufficiency of the ab-
stract is to the effect that it neither shows a filing in
this court of a complete transcript nor in lieu thereof
what is called the short record. It is true enough the
printed abstract omits to state the filing of either a com-
plete transcript or in lieu thereof that the appeal is
prosecuted by the short form. But a complete trans-
cript is before us and the file marks evince it to have
been duly filed on a proper date. So much of section
813, Revised Statutes 1899, section 813, An. St. 1906,
as is relevant to the filing of the transcript in the ap-
pellate court, when an appeal is not prosecuted on the
short form, provides that the appellant shall cause to be

filed in the office of the appellate court fifteen days before the first day of the term of such court a perfect transcript of the record and proceedings in said cause. As stated, the complete transcript contemplated by the statute is before us and an indorsement thereon by the clerk of this court shows it to have been filed in proper time for consideration.

There can be no doubt that the filing of the complete transcript within the time mentioned confers jurisdiction on the court to proceed and determine the appeal. The very terms of the statute referred to go to this effect. But, it is argued that though the court has jurisdiction in the premises, the merits of the appeal should not be considered for the reason the printed abstract omits to recite the fact that a complete transcript had been filed in this court. It seems the court ought, in every instance, to take judicial notice of such things as are revealed in its own records and not deny a cause consideration for the reason that the printed abstract omits to recite a fact which we know to be true from the record constantly before us. A rule of practice so highly technical would be most unjust, indeed. It has been expressly ruled by our Supreme Court, in cases where the appeal is prosecuted on the short form, that though the abstract omits to recite that an order granting the appeal was made, it would be sufficient if the transcript of such an order appeared on file in the court. [Coleman v. Roberts, 214 Mo. 634, 114 S. W. 39; Booth v. St. L., I. M. & S. R. Co., 217 Mo. 710, 117 S. W. 1094.] But it is said the Supreme Court in numerous cases has declared a rule of decision to the effect that it will not search through a long transcript in aid of a defective abstract. So much may be conceded, but the theory of the cases above cited is that the court will look to what appears in the judgment and order granting the appeal on the short form provided for by section 813, for the reason it is quite convenient to do so. In other words, those cases rule that as the

short transcript is the basis of the court's jurisdiction "and is of easy access" it will resort thereto in aid of a defective abstract. [Coleman v. Roberts, 214 Mo. 634, 637, 114 S. W. 39; Booth v. St. L., I. M. & S. R. Co., 217 Mo. 710, 714, 715, 117 S. W. 1094.] In the case last cited, it is pointed out that the reason of the rule of decision under which the appellate courts decline to search through an extended transcript for what the abstract ought to show is that it unduly consumes the time of the court and that the same reason does not obtain when nothing more is to be examined than what appears in the short transcript. The principle announced in those cases is certainly just and should obtain here, for to ascertain the essential fact to the jurisdiction of the court, we are not required to search through the transcript but may discover the matter by viewing the file marks on its cover. And though the abstract omits to mention the fact of filing a complete transcript here, it is quite as "easy of access" by reference to the file mark itself on the transcript. The rules of appellate procedure are becoming so technical as to frequently sacrifice the justice of the cause to the form of procedure and we feel that the court ought not to contribute as much as a mite to that end. There is certainly a marked distinction in the cases as to looking through a long transcript and those which merely require inspecting, a short one disclosing no more than the judgment and order granting the appeal, or such as is the case here, when no more labor is entailed than is essential to ascertain the file marks on the cover of a long transcript. The objections to the abstract are without merit and should be overruled.

Plaintiff, William J. Stone, is receiver of the Mullanphy Savings Bank, having been appointed to that trust by the circuit court of the city of St. Louis on March 1, 1897. Defendant, St. Louis Union Trust Company, is a corporation duly organized and existing un-

der article 12, chapter 42 of the Revised Statutes of
Missouri relating to trust companies. Plaintiff insti-
tuted the present suit in obedience to an order of the
circuit court having jurisdiction of the receivership and
of which he is an officer, to the end of collecting inter-
est at the rate of two per cent on the current account
of funds deposited by him as receiver with defendant
during the period of his trust. After plaintiff was ap-
pointed receiver of the Mullanphy Savings Bank on
March 1, 1897, defendant, St. Louis Union Trust Com-
pany, on March 2 of the same year, became surety on
his bond for the faithful discharge of the receivership
in the amount of one million dollars and on the same
day plaintiff as such receiver opened a current account
with it. It appears that on and after such date plain-
tiff deposited with defendant all funds which came into
his hands as receiver and checked upon the account at
various times in discharging his trust until the institu-
tion of this suit.

The suit proceeds as though defendant had con-
tracted to pay interest at the rate of two per cent on
the plaintiff's current account in accordance with the
rules of the trust company, but defendant denies this
and insists that as it made the receiver's bond in the
sum of one million dollars no interest was to be al-
lowed on the receiver's account. It is conceded by plain-
tiff that no express contract whatever was made be-
tween the parties as to the payment of interest but he
insists there was an implied one to that effect.

The suit does not proceed upon a contract implied
by law in the true sense of that term, as for such
interest as is reasonable and just, but instead it counts
upon an actual, though not express, contract implied
in or inferred from the facts that defendant advertised
it would pay interest on such accounts and that its
rules stipulated the rate of such interest to be two per
cent, calculated at certain periods, etc., which offer
plaintiff accepted, etc., etc. It is alleged in the petition

that about March 1, 1897, plaintiff, as such receiver, opened a current account with defendant corporation by depositing upon general deposit and payable on demand on check or sight draft, the moneys coming into his possession as receiver, etc.; that at the time of plaintiff's deposit and theretofore, the defendant advertised and held out to the public that it would pay interest at the rate of two per cent per annum on such deposit, said interest to be calculated and determined at such times and at such periods as defendant by its published rules should ordain and establish; that by defendant's rules then established and in force interest was to be calculated on daily balances for each six months prior to July 1st and December 1st and was on said days to be credited to depositor's account and thereafter to become a part thereof and bear interest at the same rate and in the same manner as moneys deposited. It is alleged that *in reliance on defendant's said advertisements and published declarations,* plaintiff, acting as such receiver, began and has ever since continued his said deposit and account, etc., etc. Further averments are to the effect that defendant has never allowed nor credited interest on his account; demand has been made therefor and refused; judgment is prayed for in the sum of $3574.72, being interest at the rate of two per cent on the deposits computed in accordance with the rules of the trust company, as stated in the petition.

To sustain the allegations of the petition, plaintiff testified that he had no express contract whatever with defendant as to the payment of interest on the account, but that he had seen and read certain advertisements of defendant in the St. Louis daily newspapers to the effect that it would pay interest on such accounts and that at the time he commenced his deposits as receiver he relied upon such advertisements and believed that interest would be allowed. The newspaper advertisements referred to in the testimony or others of like kind, which defendant authorized and had caused to be published

in the daily papers of the city of St. Louis during the month of February, 1897, were introduced in evidence and it appears from them that defendant advertised the fact it was a trust company possessed of capital and surplus of three million dollars; that as such it acts as administrator, trustee, curator, etc., furnishes guarantees of title and abstracts, and allows interest on deposits. Besides this, certain well-known and highly respectable gentlemen of the city of St. Louis are mentioned in such advertisements as officers of the company. It is to be noted that the advertisements in no manner suggest that any particular rate of interest would be allowed on deposits nor how nor when interest would be calculated. All that is contained therein as to this matter is, "Allows interest on deposits." At no place in his testimony does plaintiff say that he understood any particular rate of interest was to be paid. After allowing the most favorable view to the testimony for plaintiff as to this matter, it appears only at and prior to commencing his account with defendant he knew that it advertised it would allow interest on deposits, and relying upon such information, he became a depositor therewith. It is conceded throughout the case that at the time the account was opened plaintiff had no knowledge as to rate of interest nor as to the times the petition avers it should be calculated and credited, unless such facts may be inferred from defendant's rules in evidence, the contents of which are not shown to have been known to plaintiff.

It is argued that the judgment is not supported by the proof for the reason there is naught in the case affording a competent inference to the effect that the minds of the parties ever met with respect to the essential terms of the contract. As before stated, when plaintiff commenced his account with defendant, it sufficiently appears he was induced to do so by advertisements then being carried in the St. Louis newspapers, but such advertisements in and of themselves are wholly

insufficient to afford a competent basis for the contract sued upon. The contract set forth in the petition is to the effect defendant advertised it would allow interest at two per cent. on current accounts, to be computed as its rules ordained; that the rules of defendant then in force ordained the interest on current accounts was to be computed on the first days of July and December of each year at which dates such interest would be passed to the account as principal and bear interest at the same rate thereof. The testimony for plaintiff and the newspaper advertisement introduced as well clearly show that no rate of interest was mentioned therein. In this respect the particular allegation of the petition is wholly unproved, for plaintiff himself testified to no more than that he saw defendant's advertisement which stated that interest would be allowed on deposits and at no place in his testimony does he say that he was given to understand by defendant, either through its advertisement, its rules or otherwise that two per cent. would be paid or that calculations would be made at any particular time. Indeed, plaintiff pointedly testified that he had no recollection of ever having seen a copy of defendant's rules and did not know at the time he commenced the deposit what they contained. Were defendant an ordinary banking institution, we would not hesitate to say that the newspaper advertisement referred to would amount to no more than a mere invitation to negotiate, which, of itself, manifests an intent not to create legal relations on acceptance. See Page on Contracts, secs. 26, 27; Anderson v. Public Schools, 122 Mo. 61, 27 S. W. 610. However, even in this case where a trust company is involved, it is entirely clear that the advertisement alone is insufficient as an offer to deal on the basis of two per cent. interest to be computed at certain periods, etc., etc., for no such suggestion is contained therein. Even if an offer is intended to create legal relations, it must be so complete in itself that upon acceptance

an agreement is formed which contains all the essential terms of the contract. [Page on Contracts, sec. 27.]

In view of the fact that defendant is a trust company, it may be that such an indefinite advertisement as that above indicated would be sufficient to afford a basis for a right to recover, on the theory of a contract implied by law to pay such interest as is reasonable or according to a *quantum valebat*, for it appears that trust companies are, by their charters, required to pay interest in some amount on deposits, though no particular rate is mentioned in the statute. Our statute, section 1427, Revised Statutes 1899, section 1427, An. St. 1906, which is parcel of defendant's charter, confers authority upon it only to receive money in trust and to accumulate the same at such rate of interest as may be obtained or agreed upon or to allow such interest thereon as may be agreed, not exceeding in either case the legal rate. But it is to be noted that this franchise authorizes such companies to pay interest only as agreed upon or such as may be obtained by it for the funds. Under this statute, our Supreme Court has declared that such companies are not permitted to receive money on deposit in exchange for their credit in current account, as banks do, without paying some interest thereon. [State ex rel. Crow v. Lincoln Trust Co., 144 Mo. 562, 46 S. W. 593.] In view of this obligation which the law enjoins upon institutions of this character, it may be that such an indefinite newspaper advertisement if relied upon by a depositor would afford a sufficient basis for a recovery on the implied obligation to pay such a rate of interest as is reasonable in the circumstances of the case. However, the same statute, section 1427, confers another franchise by which defendant is authorized to become surety on the bond of persons occupying positions of trust, receivers, etc., and as incidental to this it may be competent to require a deposit of the trust funds with it, free of any interest charge, to the end of supervising the faithful adminis-

tration of the trust for which it has assumed to respond. Such would seem to be a reasonable construction, but the question is neither made nor decided. We expressly reserve it. If this view were accepted, of course, even the implied obligation to pay reasonable interest would fail in the circumstances suggested.

Be this as it may, the present suit does not proceed upon the theory as for a reasonable amount. The petition declares upon a contract for interest at two per cent, which was to be computed on the running account on July 1st and December 1st of each year, when such interest was to be added to the principal of the account and bear interest at the same rate. In these circumstances, it devolved upon plaintiff to prove the cause of action laid in the petition and in this respect he has wholly failed unless it may be inferred from defendant's rules, of which plaintiff had no knowledge, that he considered them as parcel of the offer at the time he accepted it.

The contract sued upon, though not express, is, nevertheless, an actual contract to be found from the facts in evidence. It is true such contracts are not always to be proved by express and positive statements but may be inferred from other competent facts and circumstances. But to find such a contract, it, of course, involves a finding of fact to the effect that the minds of the parties have met in the same sense at the same time as contradistinguished from those contracts which, accurately speaking, may be implied by law when there is no *aggregatio mentium*. Strictly speaking, contracts implied by law are other and distinct from actual contracts, for if there be an actual contract, the fiction of the law for implication to that effect is not essential. A typical case of a contract implied by law is one where a person may perform a valuable service for another, expecting at the time to be compensated therefor and the other party who receives the value intended at the same time no payment therefor should be made. In

such circumstances, though there was no agreement of the minds, the law implies a contract to the effect that reasonable compensation shall be made. The distinction has heretofore been pointed out in Weinsberg v. St. Louis Cordage Co., 135 Mo. App. 553, 116 S. W. 461; Wagner v. Edison Electric, etc., Co., 141 Mo. App. 51, 121 S. W. 329.

Plaintiff having sued upon an actual contract and stated its terms, to be inferred or implied from the facts in proof as distinguished from one implied by law, it is, of course, essential for him to give proof which affords a reasonable inference at least to the effect that the minds of the parties agreed not only upon the fact of a deposit but agreed as well upon the terms of two per cent. interest to be calculated on the first days of July and December in each year and then passed to the account as principal and to draw interest as such. Agreement of the minds is an essential element of every such contract and without it no contract appears. [Page on Contracts, sec. 22; Smith v. Vernon County, 188 Mo. 501, 513, 87 S. W. 949; 7 Am. and Eng. Ency. Law (2 Ed.), 98.] Such an agreement is usually reached by an offer put forth on the one side and accepted on the other and if an offer afterwards accepted is relied upon as in this case, such offer must be sufficiently certain so that its acceptance will include all of the terms of the contract. [Page on Contracts, sec. 27; 7 Am. and Eng. Ency. Law (2 Ed.), 138, 116.] If an offer is not communicated to the party seeking to avail himself thereof as the basis of a contract, it will be insufficient; for an acceptance of an offer, to be effective, must leave nothing to be afterwards agreed upon, but must meet the offer absolutely and close with it as it stands. [Cangas v. Rumsey Mfg. Co., 37 Mo. App. 297-307.] It is obvious that if all of the terms of such offer are not communicated to the party, then there is no agreement of the minds in the same sense at the same time with respect to such terms as are not communicated. [Clark

on Contracts, 37; Page on Contracts, sec. 30; Cyc. 252; James v. Marion Fruit Jar, etc., Co., 69 Mo. App. 207; 7 Am. and Eng. Ency. Law (2 Ed.), 138.] The rule as to communication of the terms of an offer is thus stated in 9 Cyc. 252: "To constitute an agreement, it is obvious that the intention of the parties must be communicated. One cannot accept an offer which has not been communicated to him, and therefore as a general rule an uncommunicated offer, whether by words or acts, cannot result in a contract." See, also, 9 Cyc. 246. Again the same work thus states the rule when it appears a recovery is sought on the theory of contract in accord with the terms of an offer not known to the party claiming the right to recover the benefit:

"It would also seem clear that where one performs services by which another is benefited he cannot recover on the other's offer to pay for them, of which he had no knowledge when the services were rendered. Where a person does an act for which a reward has been offered, not knowing at the time he does the act that the offer has been made, there can be no meeting of minds between the parties nor can his act be said to have been affected by the unknown offer. Hence it has been properly held that a reward cannot be claimed by one who did not know that it had been offered. In some states the contrary has been held, although it would seem not on logical grounds." [9 Cyc. 254.]

See, also, Smith v. Vernon Co., 188 Mo. 501, 513, 87 S. W. 949.

Plaintiff having failed to show in any manner that defendant had offered two per cent. interest on current deposits to be computed as above indicated, the counsel seek to support the judgment of the trial court with respect to this matter by referring to defendant's rules ·in evidence. We are willing to concede in this case against the trust company that, because of the peculiar provisions of its charter, its rules, in connection with the indefinite advertisements should be considered

together as an offer sufficient as the basis of the contract declared upon, if it appeared plaintiff had accepted the same within the sense of the law and made his deposit in reliance thereon. But the evidence is conclusive to the effect that plaintiff had no knowledge whatever of those terms of the contract relied upon which is sought to be deduced from defendant's rules, that is the rate of interest and time and manner of computation; for he says that he has no recollection of ever having seen such rules nor was he informed as to their contents. In such circumstances, it is entirely clear that there is no evidence in the case from which the court could find a contract between the parties whereby defendant agreed to pay two per cent. interest as alleged in the petition, for if such an offer were made, it was not communicated to the plaintiff and therefore could not have been relied upon by him in the sense of the law at the time the deposit was made. Indeed, the proof does not even show the rules referred to were ever published or posted.

Let us not be misunderstood as to the plaintiff's testimony in respect of this matter; for, while he said that he relied upon defendant's advertisements at the time he made the original deposit, he did not say that he relied upon an offer to pay two per cent. interest to be computed as indicated in the petition. As to this matter, Senator Stone was very conservative and with perfect frankness declined to say more than that he relied merely upon such advertisements as he had seen and they indicated no more than that defendant would pay interest on deposits, without mentioning the rate or other terms. However, plaintiff has performed the full measure of his duty in prosecuting the suit in obedience to the order of the court which directed him to do so, though it may not be sustained.

It is insisted the judgment should be reversed outright but we believe the interests of justice may be subserved by a remand of the cause.

Plaintiff may amend his petition if so advised to the end of seeking such interest as is reasonable and just. Amendments are allowed for the purpose of saving cases from the operation of the Statute of Limitation and the courts are liberal in respect of such matters when the cause of action is not totally different. [Lottmann v. Barnett, 62 Mo. 159.] It is not doubted that one may amend the cause of action stated on an express contract by declaring on an implied one of the same general import. The question has been recently decided. See City of Farmington v. Farmington Telephone Company, 135 Mo. App. 697, 116 S. W. 485.

The judgment should be reversed and the cause remanded. It is so ordered. All concur.